## Lindenwood Corporation *v.* Township of Upper Darby.

Argued October 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George Koudelis,* for appellant.

*John W. Nilon, Jr.,* with him *Kassab, Cherry and Archbold,* for appellee.

Opinion Per Curiam, November 17, 1972:

And Now, this 17th day of November, 1972, the Order of the Court of Common Pleas of Delaware County, Pennsylvania, Civil Division, is hereby affirmed upon the able opinion of Judge Francis J. Catania, which is set forth in toto below:

## OPINION

Catania, J.

On March 25, 1971, the Lindenwood Corporation made application for a special exception to permit the construction of two multi-family dwellings in accordance with the plans which were attached to the application, the first building being three stories high and containing 18 living units; the second building being four stories high and containing 48 living units, with 100 per cent off-street parking, situate on Abbey Terrace, Mary Street and Shadeland Avenue, Upper Darby, Delaware County, Pennsylvania.

A public hearing was held on April 29, 1971, and at a special meeting held on May 13, 1971, notice was made and the application was held for further study. At a special meeting held on June 3, 1971, the Zoning Board of Adjustment of Upper Darby Township denied the application for special exception for the reasons that:

(1) The reasons given by the applicant are not substantial, serious and compelling.

(2) The granting of said special exception would not be in keeping with the character of the neighborhood.

(3) The public health, safety and general welfare of the neighborhood would be adversely affected by the granting of this request in that:

(a) The traffic hazard would be created, resulting in a dangerous condition, when automobiles entered or exited from the proposed use because of the heavy automobile traffic on Shadeland Avenue;

(b) There would be danger to the safety of children because of the large number of them passing the subject property going to and from school.

The applicant filed a notice of appeal from the decision of the Zoning Board of Adjustment and the attorneys for the respective parties agreed that no additional testimony would be heard and the matter was placed upon the argument list.

A petitioner who seeks a special exception must show that the proposed use is allowable under the terms of the ordinance which permits special exceptions. *Temple University v. Zoning Board of Adjustment*, 414 Pa. 191, 199 A. 2d 415 (1964); *Rieder Appeal*, 410 Pa. 420, 188 A. 2d 756 (1963). In the instant case there is no dispute that the proposed use is allowable under the terms of the ordinance. Having shown that the use is allowable, there is no burden on the petitioner to show that the use would not damage the health, safety and morals of the community. On the contrary, the burden is on the protestants to show that such use would damage the health, safety and morals of the community. *Lower Merion Township v. Enokay, Inc.*, 427 Pa. 128, 233 A. 2d 883 (1967). In giving as a grounds for denying the requested special exception that "the reasons given by the applicant are not substantial, serious and compelling," the Zoning Hearing Board of the

Township of Upper Darby has committed an error of law.

When the applicant has filed a request for a special exception and has shown that his requested use is within the terms of the special exception, it is incumbent upon those protesting or upon those opposing the requested zoning change to sustain the burden of proof.

In view of the error of law committed by the Board, this Court's inquiry is not limited to a determination of whether the Zoning Hearing Board committed an abuse of discretion, but whether this Court must now review the record and make an independent determination. SEE: *Cheney v. Village 2 at New Hope, Inc.,* 429 Pa. 626, 241 A. 2d 81 (1968); *Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378 (1950); The Pennsylvania Municipalities Planning Code, 53 P.S. 11009.

The second objection raised by the Township that "the granting of the special exception would not be in keeping with the character of the neighborhood" has been posed by the Zoning Hearing Board without benefit of any expert testimony. We think that in their opposition to the instant application they have failed to sustain their burden of proof. We also think that the objection based upon increased traffic is unpersuasive because it fails to show anything more than the obvious fact that traffic flow will increase if the use is permitted.

The Supreme Court on this point has stated:

"Any traffic increase with its attendant noise, dirt, danger and hazards is unpleasant, yet, such increase is one of the 'inevitable accompaniments of suburban progress and of our constantly expanding population' which STANDING ALONE does not constitute a sufficient reason to refuse a property owner the legitimate use of his land. " *Rolling Green Golf Club Case,* Supra, 374 Pa. at pg. 457, 97 A. 2d at page 526.

"It is not ANY anticipated increase in traffic which will justify the refusal of a 'Special Exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community. Any prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but a high degree of probability that it will affect the safety and health of the community, and as such prevision must be based on evidence sufficient for the purpose. . . ." *Archbishop O'Hara's Appeal*, 389 Pa. 35, 54, 131 A. 2d 587, 596 (1957).

The quoted statement was reaffirmed recently in *Lower Merion Township v. Enokay, Inc.*, 427 Pa. 128, 233 A. 2d 883 (1967) ; *See also, Delaware County Community College Appeal*, 435 Pa. 264, 254 A. 2d 641 (1969).

We feel that there is no competent testimony on the record as to the adverse conditions caused by the erection of apartments on this site. We therefore feel that there is no basis for the position held by the objectors and that they have not sustained their burden of proof in opposing the special exception.

We therefore make the following

### ORDER

AND Now, to wit, this 15th day of February, A.D. 1972, it is hereby ORDERED and DECREED that:

1. The appeal of Lindenwood Corporation from the decision of the Zoning Hearing Board of the Township of Upper Darby be and the same is hereby sustained.

2. The decision of the Zoning Hearing Board of the Township of Upper Darby denying the appellant the special exception requested is hereby reversed.

3. A special exception is granted to the appellant.