Soble Construction Company, Appellant, *v*. The Zoning Hearing Board of the Borough of East Stroudsburg, Appellee.

**600**

Argued October 7, 1974, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*Peter J. O'Brien,* for appellant.

*Bernard M. Billick,* with him, of counsel, *Robinson & Hoffner,* for appellee.

OPINION BY JUDGE BLATT, December 31, 1974:

On December 17, 1971 the Soble Construction Company (developer), which was the equitable owner of a 26.47 acre tract in the Borough of East Stroudsburg (Borough), filed an application for approval of plans to erect a planned unit development of 238 units in a number of multi-family dwellings. The developer's tract was located in an R-1 district where the principal permitted use at that time was for single-family detached dwellings but the local zoning ordinance then permitted planned unit development for multi-family dwellings in that district as a special use. The ordinance was subsequently amended in July of 1973 to prohibit such a use entirely in an R-1 district.

On February 17, 1972 a public hearing was held by the Board and both the developer and those who were protesting the proposed use presented evidence. On March 16, 1972 the Board denied the developer's application and in so doing filed findings of fact and conclusions and reasons to support its decision.

The developer appealed to the Court of Common Pleas of Monroe County, and that court, in an opinion filed on September 21, 1972, cited the Borough zoning ordinance at length and noted that the ordinance attached specific conditions to the approval of a planned unit development. It found that the Board had not made findings of fact as to whether or not the proposed development would satisfy those specific conditions and that the reasons actually given by the Board for its denial of approval did not allude to the conditions set forth in the ordinance. The court ordered, therefore, that the record be remanded to the Board for further action and consideration in light of its opinion.

On June 28, 1973 the Board issued another decision in which it made numerous and specific findings of fact

and again concluded that the application should be denied. In findings (a) through (f) the Board described the tract in question as well as the neighboring property and the developer's planned use. Then in findings (g) through (u) it listed the following findings to support its denial of the application:

"(g) The Zoning Ordinance requires four parkspaces for each three dwelling units. Applicant must provide 316 parking spaces but has made provisions for only 309 parking spaces.

"(h) Applicant has not provided adequate off-street parking and loading, and the off-street parking arrangement is not deemed safe because there is no control of automobile access to the proposed circulatory (loop) roadway in the development.

"(i) Applicant failed to demonstrate that sufficient market exists for the type, size and character of the development proposed.

"(j) Applicant produced no evidence that lighting devices shall be properly arranged to avoid conflicts with residential use.

"(k) Building No. 1 is less than 50-foot distance from Building No. 2 in violation of Section 5.911(f) (3) of the Zoning Ordinance, as are the following buildings: No. 7 to No. 6, No. 6 to No. 8, No. 10 to No. 11, No. 11 to No. 12, No. 13 to No. 14, No. 25 to No. 23 and No. 25 to No. 26.

"(l) Building No. 8 is less than 25 feet distance from Building No. 9 in violation of Section 5.911 (f) (4).

"(m) The proposed high density development will not be compatible with adjoining development in this R-1 Zone.

"(n) The requested special use of this R-1 Zone for planned unit development will not be the most appropriate use of the land.

"(o) The proposed planned unit development is inconsistent with the comprehensive plan for the development of the Borough of East Stroudsburg, which plan recommends that the best use for the tract of land in question would be for low to medium density residential use.

"(p) The Zoning Ordinance requires 300 square feet per dwelling unit of useable open space, suitable for use as play areas for children or as outdoor living space for families. Applicant has not presented sufficient evidence to establish the existence of adequate space as aforesaid and has presented no evidence that the required area is available and useable and would be maintained as play area and outdoor living space.

"(q) The proposed planned unit development would cause substantial injury to the value of other property in the neighborhood since the neighborhood is composed of detached single family dwellings consistent with the R-1 Zone.

"(r) No provision has been made to provide landscaping and screening to protect adjoining areas.

"(s) No traffic surveys have been made and the evidence is insufficient for the Board to determine whether or not traffic created by the proposed planned unit development would jeopardize the public health, welfare, safety and convenience.

"(t) No provision has been made to screen the lake or provide protection for children or adult tenants or guests with respect to the lake.

"(u) The Applicant has failed to comply with Section 707(5) of the Pennsylvania Municipalities Planning Code in that Applicant has not provided a written statement setting forth the reason why, in its opinion, a planned residential development would be in the public interest and be consistent with the comprehensive plan for the development of the municipality."

The developer again appealed to the Court of Common Pleas of Monroe County, which, in an opinion dated December 5, 1973, affirmed the Board's decision to deny the developer's application. The developer has now appealed to this Court.

The developer argues first that the lower court erred in originally remanding the record to the Board and asserts that the court instead should have then reversed the Board's decision. We cannot agree. The zoning ordinance here permitted planned unit developments which complied with specified conditions. These conditions included specifications for adequate and safe parking and adequate light, air and open space, and there was a conflict on the record as to whether or not the proposed development would satisfy all of those specifications. The developer's architect testified that all of the specifications would be met whereas his own plans indicated otherwise at least as to the number of parking spaces and the distances between buildings. When the evidence is capable of supporting either of two results, this Court may not usurp the Board's or lower court's unfulfilled duty to pass upon the factual validity of the evidence presented. *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972). A remand by the lower court was, therefore, appropriate here for it did not take evidence on its own. Without an independent taking of evidence, the lower court could not properly make its own findings of fact but could only review the decision of the Board to determine if an abuse of discretion or an error of law had been committed. *Concord Township Appeal*, 439 Pa. 466, 268 A. 2d 765 (1970). The question of whether or not a remand is appropriate, moreover, rests within the discretion of the court, the major considerations being the extent of the error and the effect on the parties of the delay attendant on a remand. *Lando v. Springettsbury Township Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 312, 286 A. 2d 924 (1972). In a case

such as this, where the record contains conflicting evidence on at least two crucial matters where the board's factual findings do not resolve the conflict, it was clearly within the court's discretion to remand. In the cases cited by the developer, *Lindenwood Corporation v. Township of Upper Darby*, 6 Pa. Commonwealth Ct. 558, 297 A. 2d 547 (1972), and *Brauns v. Swarthmore Borough*, 4 Pa. Commonwealth Ct. 627, 288 A. 2d 830 (1972), there was nothing on the record to support the zoning board's denial of the applicant's proposed use and so the lower court properly reversed. Those cases are clearly distinguishable.

Believing as we do that the record in this case was properly remanded to the Board for a second review and decision, we must now review the second decision of the court below on its merits. And, where the court below has taken no additional evidence, of course, our review is limited to a determination of whether or not the zoning board itself committed an abuse of discretion or an error of law, and whether or not the findings of fact are supported by substantial competent evidence. *West Whiteland Township v. Sun Oil Company*, 12 Pa. Commonwealth Ct. 159, 316 A. 2d 92 (1974).

We have reviewed the record here regarding all of the findings and can find no evidence to support findings (j) and (r), which assert the inadequacy of the project's lighting and its failure to provide for landscaping and screening to protect adjoining areas. The lower court properly concluded that, according to uncontradicted evidence on the record, the developer planned to install lighting at the customary level for this type of development and that nothing in the record suggests any conflict with residential uses. As to landscaping and screening to protect adjoining areas, the architect testified that while much of the existing site would be left in its natural state, planting and shrubbing would also be done throughout the site. He also testified that adequate

screening of garbage storage areas and common washing or drying facilities had been provided for. There is nothing in the record to indicate that the lighting or landscaping and screening for the protection of adjoining areas would not comply with the ordinance. The Board's findings on these two matters, therefore, cannot be substantiated.

Nor can we sustain finding (h) regarding the unsafe aspects of automobile access to the proposed circulating roadway within the development. In its original decision the Board had already resolved any such questions by holding that "the Soble plan demonstrated adequate pedestrian and other traffic controls within the unit itself." The lower court's remand order was directed to the Board's duty to make adequate findings on *unresolved* issues. It was the duty of the Board, on remand, to comply strictly with the court's mandate and such compliance required the Board to proceed in a manner consistent with the views expressed in the court's opinion. *See Commonwealth v. Tick, Inc.*, 431 Pa. 420, 246 A. 2d 424 (1968). Having already resolved that the traffic controls within the development were adequate, the Board could not on remand find the facts differently at least without taking additional evidence.

The lower court's opinion also indicates that findings (m), (n), (o), (s) and (u) are improper reasons for denying the application, and again we agree. We have thoroughly reviewed the lower court's exhaustive opinion and adopt its reasoning with respect to those findings.

We cannot, however, agree with the lower court that findings (i) and (q) may support denial of the application. The Borough ordinance provided: "A Special Use shall not cause substantial injury to the value of other property where it is to be located." Finding (q) by the board invoked this provision to defeat the application. The record, however, merely indicates that some injury might be caused to the value of neighboring properties

if the use is permitted, and there is no evidence that the injury will be substantial. Moreover, zoning is permitted when exercised for the promotion of the health, safety, morals or general welfare of the community. *Village of Euclid v. Ambler Realty Company,* 272 U.S. 365 (1926) ; *National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A. 2d 597 (1965). Neither aesthetic reasons nor the conservation of property values nor the stabilization of economic values in a township are, singly, or combined, sufficient to promote the health or the morals or the safety or the general welfare of the township or its inhabitants or property owners, within the meaning of the enabling act or under the Constitution of Pennsylvania. *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957) ; *Medinger Appeal,* 377 Pa. 217, 104 A. 2d 118 (1954) ; *Mignatti Construction Company, Inc.'s Zoning Application,* 3 Pa. Commonwealth Ct. 242, 281 A. 2d 355 (1971). "The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances . . . . The burden is on the township and the protesting neighbors, if there are any, to *prove by evidence* that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare." (Emphasis in original.) (Citations omitted.) *Konyk, supra,* at 470-471, 290 A. 2d at 718. The protestants cannot sustain that burden by merely introducing evidence to the effect that property values in the neighborhood may decrease.

We must also conclude that finding (i) relating to the sufficiency of a market for a planned unit development cannot support the denial of the application. Section

5.911 (b) of the ordinance provides: "The proposed developer shall demonstrate that a sufficient market exists for the type, size and character of the development proposed". The developer presented the testimony of two real estate brokers in the area of East Stroudsburg both of whom indicated that there was a considerable demand for rental units in the area. One testified directly that there is a market for this particular development. On the other hand, the real estate expert who testified for the protestants stated that he would not counsel a construction client to build more than 100 or 150 rental units. The Board apparently accepted the testimony of the latter witness in making its findings. Nevertheless, we fail to see how a showing of the sufficiency of a market bears any reasonable relationship to the public health, safety, morals or general welfare. It is unlawful for a municipality to zone or refuse to zone land for the purpose of limiting competition with existing commercial facilities. *Boyle Appeal*, 179 Pa. Superior Ct. 318, 116 A. 2d 860 (1955). In *In re: Appeal of Michael J. Stefonick from the Decision of the Zoning Hearing Board of Upper Gwynedd Township*, 1 Pa. Commonwealth Ct. 13, 271 A. 2d 707 (1970), this Court rejected the argument that there was not enough business for another gasoline service station as a reason for denying a special exception for that use. If the developer is willing to accept the risk of constructing this project and complies with all of the other valid requirements of the zoning ordinance, the application should not be denied merely because the zoning board believes that the development will not be profitable.

The record adequately supports findings (g), (k), (l) and (t) which would ordinarily justify the Board's denial of the application. We must point out, however, that if these findings had been made on March 16, 1972, when the Board originally denied the application, the developer may have then been able to amend the plans and to re-

apply under the original ordinance which was still in effect until July 3, 1973. We believe, therefore, that this right to amend should still be made available to him. The Board's inadequate original decision necessitated a remand, and this caused a delay in the proceedings until June 28, 1973, the date of the second Board decision. By that time, it was effectively too late to revise the plans and reapply under the original ordinance, which was then in the course of amendment. Moreover, under the new ordinance the proposed use was prohibited. We cannot, however, penalize the developer for this delay, which was the fault of the Board, and we must allow the developer an opportunity now to amend the plans so as to comply with the ordinance which was actually in effect at the date of the original application. He, therefore, now should have the opportunity to alter the plans, if he can, so as 1) to provide the additional required parking space, 2) to lengthen the distances between buildings, and 3) to screen the lake for safety reasons.

Finally, as to finding (p), the record is unclear as to exactly how much total area is set aside for "play area and outdoor living space." There are at least 15,000 square feet designated in the plans for "play areas" but it is uncertain how much additional outdoor area will be appropriately landscaped or constructed as "outdoor living space". The ordinance requires 300 square feet of open space per dwelling unit for these two combined purposes. The developer's amended application could easily be denied if this requirement should not be met.

The order of the court below is, therefore, reversed and the record is remanded with directions that the Soble Construction Company be granted an opportunity to amend its plans and that approval thereof be granted if the conditions described in findings (g), (k), (l), (p), and (t) as unsatisfied are met.

Judge ROGERS concurs in the result only.

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I must respectfully dissent. As the majority opinion correctly indicates, our review of the findings of fact of the zoning board is limited to a determination of whether they are supported by competent evidence. Having found such evidence to support findings (g), (k), (l) and (t), relative to minimum parking spaces per unit, minimum distance between buildings and preventive screening, I believe it to be inappropriate to remand to allow an amended application under the since amended ordinance, thereby giving Appellant a "second bite at the apple." These deficiencies were clearly sufficient to deny Appellant's application under the zoning ordinance as it existed then, and Appellant must bear the risk of not having filed a proper application. *Cf. Harborgette Co. v. Lower Makefield Township Zoning Hearing Board*, 13 Pa. Commonwealth Ct. 157, 318 A. 2d 770 (1974), affirming and adopting 24 Bucks Co. L. Rep. 207 (1973).

Should Appellant alleviate these deficiencies by way of an amended application, it could argue that its rights vested under the ordinance prior to its amendment, but that issue is not now before us. I would affirm on the opinion of the court below.