Joseph J. Zajac, Sr., Appellant *v.* The Zoning Hearing Board of Mifflin Township, Columbia County, Pennsylvania, Appellee.

Argued December 4, 1978, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Frank C. Baker,* for appellant.

*Franklin E. Kepner, Jr.,* for appellee.

OPINION BY JUDGE CRAIG, March 1, 1979:

This zoning appeal involves a special exception ap-
plication for a mobilehome park in an R-A Residen-
tial Agricultural District, denied by the Zoning Hear-
ing Board of Mifflin Township (Board).

Appellant Joseph J. Zajac, Sr. (applicant) ap-
pealed the denial to the Common Pleas Court of Co-
lumbia County, which remanded the matter for a prop-
er hearing, after which the Board again denied the
special exception.

Although all parties now agree that this application for a 36-unit mobilehome court is in full compliance with all of the express special exception requirements for mobilehome courts in Sections 514 and 562 of the Mifflin Township Zoning Ordinance (ordinance),[1] the Board, in addition to basing its denial

---

[1] Although the board decision states that "the use will not meet the criteria and standards required for a special exception," the case was presented to us on the basis that there was absolutely no question about compliance with the stated special exception requirements. The specific ordinance language, which is always important in a special exception case, is in Section 514, as follows:

### 514—Mobile Home Court

A. All provisions of Section 562 of the Mifflin Township Subdivision and Land Development Regulations shall be met.

B. A site area of not less than six thousand (6,000) square feet shall be provided for each mobile home.

C. Each mobile home shall be provided a stand upon which to place the mobile home. Each stand shall have minimum dimensions of fifty (50) feet by twenty-four (24) feet.

D. Each mobile home shall be placed on an individually designated lot whether such lot is intended for sale or rent. Each lot shall have front yards of thirty (30) feet and side and rear yards of fifteen (15) feet. Such yards shall be measured from the perimeter of the mobile home stand to the adjacent exterior lot line, mobile home lot line, street line or the edge of an access drive.

E. Buffer yards in accordance with Section 622 shall be provided.

F. Each mobile home court shall abut and provide direct access to a collector highway.

G. The minimum number of spaces completed and ready for occupancy before the first occupancy is permitted shall be ten (10). No space shall be rented except for periods of thirty (30) days or more.

We have also been supplied with Section 562 of the Mifflin Township Subdivision and Land Development Regulations, on mobilehome court development, discussed *infra*, which is pertinent under the terms of Section 514 A above.

on considerations of density, accessibility and alleged pollution, also found that the mobilehome court would contravene the ordinance purposes, concluding:

> The proposed use is certainly not compatible with the purpose of such a district [Residential-Agricultural], i.e. the 'stabilzation of agriculture as an on-going economic activity'.
>
> . . .

The court below, without taking any additional testimony, affirmed the Board. Our scope of review is therefore limited to a determination of whether or not the zoning hearing board abused its discretion or committed error of law. *Gillies Corporation Appeal,* 36 Pa. Commonwealth Ct. 489, 387 A.2d 1358 (1978).

Therefore the issue presented is: Where the zoning ordinance enacted by the governing body states that a mobilehome court is allowable in a residential-agricultural district by way of special exception, and a mobilehome court application complies fully with the ordinance's specifications, including density requirements, has the zoning hearing board abused its discretion by denying the application for reasons related to ordinance purposes and density as well as alleged pollution and accessibility, upon the record before us?

Total exclusion of mobilehome courts from a municipality would be invalid. *McKee v. Township of Montgomery,* 26 Pa. Commonwealth Ct. 487, 364 A.2d 775 (1976). However, to avoid being exclusionary, an ordinance need not allow a use absolutely, as a permitted use, but may allow it conditionally, by way of special exception. *Kaiserman v. Springfield Township,* 22 Pa. Commonwealth Ct. 287, 348 A.2d 467 (1975).

However, as the township's brief recognizes, where the allowance is conditioned by way of special exception, denials must be examined for assurance that

they do not mean that the special exception provision is a mere token.[2]

Moreover, the well-settled principle is that, where a special exception application complies with the stated ordinance requirements, those objecting have the burden to establish that approval would be detrimental to public health, safety or general welfare. *Copeechan Fish and Game Club v. Zoning Hearing Board,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977).

Standing alone, the Board's conclusion that this proposed mobilehome court is not compatible with the R-A district purpose—stabilization of agriculture— sounds as if the Board disagrees with the governing body's conclusion that a mobilehome court *can* be compatible with the stabilization of agriculture in the district, as evidenced by the ordinance provision for such a use in that district. Of course, it is not the province of the Board to disagree with the ordinance policy and, in effect, amend it by denial.[3]

However, to give the Board all benefit of doubt, we view the Board's conclusion, as did the lower court, to mean just that this particular proposal, in this

---

[2] The township brief argues that the Board has previously allowed other mobilehome courts in this district. The record establishes that there are two other such courts one-half mile away, and one-half mile distant from each other, but there is no evidence that they were placed there by virtue of special exception approvals of the Board, as distinguished from having a nonconforming use status or other approval basis.

[3] Section 562, "Mobile Home Court Development," in the Subdivision and Land Development Regulations Ordinance begins with the statement:

Mobile home courts shall generally be located in areas appropriate for general residential usage and not in commercial areas. . . .

This ordinance declaration reiterates the governing body's policy that, in general, mobilehome courts are considered to be compatible with residential districts, of which the Residential-Agricultural District is one type.

particular location, would not be compatible with the agriculture stabilization purpose of the district. The Board did determine "that the proposed use should not be granted a special exception so to be constructed in a Residential-Agricultural district . . . . ," but "[f]or all the above-listed facts and reasons . . . ," referring to the matters of density, accessibility and alleged pollution, to which we now turn.

The density concerns were that the proposed 36-unit mobile home court would (1) produce congestion, (2) overrburden the roads, and (3) crowd the elementary schools—all considerations resting solely upon population density or units per acre.

The only support in the record for these density concerns consists of the general expression of fears by objecting neighbors.[4] Although expert testimony is not always required with respect to density and congestion claims, lay objections, to be substantial, must have some specificity. *Township of Abington v. Rocks Associates, Inc.,* 11 Pa. Commonwealth Ct. 95, 312 A.2d 98 (1973).

The force of density concerns is weakened by the fact that the ordinance itself, in Section 514 B, expresses the proper density as 6,000 square feet for each mobilehome in the R-A district, the classification which the governing body chose to apply to the location in question; and the application complies with that requirement.

The Board expresses its school-crowding concern as stemming from the idea that the mobilehome court would be "occupied by families of child-bearing age," overburdening township services "without providing

---

[4] Illustrative of the congestion testimony is a fair summary of it in the township's brief, as follows: "Mr. Stewart further expressed fear that the occupants of the new court would overburden the road which was already· being used by the occupants· of the other two trailer courts."

the necessary permanent tax base. . . ." The view that mobilehomes involve more child-bearing than single-family dwellings, an unproved assumption, suggests a stereotyping of mobilehome dwellings, based upon an age-group distinction which the record in no way relates to the police power purposes of zoning. Moreover, tax-base concerns (for which the record here contains no support) cannot be decisive in a zoning case. *Putney v. Township of Abington,* 176 Pa. Superior Ct. 463, 108 A.2d 134 (1954).

Nor does the record provide any basis for concerns about accessibility, reasonably defined on pp. 73 and 74 of the Ordinance as involving access to public roads, off-street parking and interior circulation. The record contains nothing to raise a question as to public road access or off-street parking. The interior circulation will apparently involve automobiles backing out of parking stalls, before proceeding along the internal driveway. With respect to that matter of design, the only record evidence is the testimony of the planning commission chairman that his commission approved the plan.

As to the alleged land, water and noise pollution, the township's brief does not direct us to any supporting evidence, and we find none.

Therefore, we find no evidence of probative value to support the Board's findings and conclusion that the objectors met their burden. We therefore must reverse the decision of the court below, sustain the appeal from the decision of the zoning hearing board and remand the case, with the direction that the application be granted in accordance with the pertinent provisions of the ordinance.

## ORDER

AND Now, this 1st day of March, 1979, the decision of the Court of Common Pleas of the 26th Judicial

14

District, Columbia County, dated March 29, 1978, at Docket No. 76-1978, is reversed, the appeal from the Zoning Hearing Board of Mifflin Township is sustained, and the case is remanded with the direction that the application be approved as to zoning subject to the pertinent provisions of the Zoning Ordinance of Mifflin Township.