A.J. Grosek & Associates, Appellant *v.* The Zoning Hearing Board of Montrose Borough and Concerned Citizens of Montrose, Barbara Clifford and Eleanor McKeage, Appellees.

Argued June 10, 1982, before President Judge CRUMLISH, JR. AND JUDGES ROGERS and MACPHAIL, sitting as a panel of three.

*James E. Davis, Farr, Davis, Turrell & Fitze,* for appellant.

*Robert G. Dean,* with him *Andrew Hailstone, Henkelman, Kreder, O'Connell & Brooks,* for appellees.

OPINION BY JUDGE ROGERS, September 13, 1982:

This is an appeal by A.J. Grosek & Associates (Grosek) from a decision and order of the Court of Common Pleas of Susquehanna County affirming a decision by the Zoning Hearing Board of Montrose Borough (Board) to deny Grosek's request for a special exception to the Montrose zoning ordinance. We reverse.

Grosek filed its application for a special exception with the Board on December 18, 1979. The project for which the exception is sought calls for the construction of seventy apartment units of low to middle income housing in a town house arrangement on a 13.6 acre tract of land in Montrose. Following a public hearing held on January 31, 1980, the Board made the following findings and denied the exception request:

1. That the A.J. Grosek & Assoc. Co. has not demonstrated due cause for this Special Exception to be granted, and

2. That the plans submitted as evidence by the applicant had no dimensions as required by Section 4.400, Regulations regarding Exceptions, subsections regarding Apartments and Conversions, and Regulations for Multi-Family Dwellings, page 20 of the Zoning Ordinance of the Borough of Montrose, and

3. That the property values of surrounding properties and all other rental properties in the community will be adversely affected by creating noncompetitive housing, and

4. That no evidence was presented as to whether the site will be adequately landscaped and maintained, and

5. That the proposed multi-family housing will jeopardize the public health, safety, welfare, and convenience in that it will create noncompetitive rental housing which will leave

numerous unoccupied and uncared for structures in the Borough of Montrose, and

6. That the granting of this Special Exception would be inconsistent with the purpose and objectives of the Zoning Ordinance in that the purpose of the Zoning Ordinance is to promote public health, safety, general welfare and conserve and stabilize the value of property, (Section 1.300, page 1) while some of the community objectives with which granting this Exception would be inconsistent with are:

a. To stimulate econimic [sic] growth within the community

b. To sustain a high quality of neighborhoods and to protect individual property values.

c. To foster, provide and maintain a sound tax structure, and

7. That granting this Special Exception would be inconsistent with neighborhood, community and public interest for all the above reasons.

On appeal, the common pleas court took no additional evidence and held the Board's finding that Grosek's plans for the proposed project lacked necessary dimensions to be without merit. In all other respects, however, that court upheld the Board's decision. In its appeal to this Court, Grosek challenges the common pleas court's ruling on the theory that sufficient evidence was presented to entitle Grosek to the exception and that those parties opposing the exception failed to carry their burden of establishing that the proposed project would adversely affect the health, safety and/or the general welfare of the community.

Where the common pleas court has addressed an appeal from a decision of a zoning board without taking any additional evidence, this Court's scope of review "is limited to determining whether or not the zoning board abused its discretion, committed an error

of law, or made findings not supported by substantial evidence in the record." *Heck v. Zoning Hearing Board for Harveys Lake Borough*, 39 Pa. Commonwealth Ct. 570, 573, 397 A.2d 15, 17 (1979).

A special exception is not an exception to a zoning ordinance but rather a use which is permitted absent a showing of a detrimental effect on the community. *Brunner v. Upper Makefield Township Zoning Hearing Board*, 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974). The initial burden when a special exception is requested is on the applicant to establish that the proposed project satisfies the specific conditions governing the grant of a special exception as set out in the zoning ordinance. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). Once that burden is satisfied, the burden then shifts to those opposing the exception to prove that the proposed use would constitute a detriment to the community's health, safety or welfare. *Heck.*

After a careful review of the record herein, we find insufficient evidence to support Board finding number four. The architect retained by Grosek for this matter testified at some length as to the plans for and features of the proposed development. In this testimony, he indicated that the structures to be erected occupy a scant six percent of the project site which itself is somewhat isolated from other developed areas of Montrose. As a result, the primary focus of the plans for the project is to blend it into the existing topography to as great an extent as possible, thus minimizing the need for landscaping. The architect further testified that alterations to the areas' topography, landscaping and screening would be done as needed, that the project would be compatible with adjoining areas and that it complied with the requirements of the zoning ordinance. By way of contrast, nothing whatsoever has been introduced into the record to indicate that the project

would not comply with the zoning ordinance. Therefore, the Board's finding concerning the landscaping and maintenance of the development site cannot be sustained.[1] *Bray; Soble Construction Company v. Zoning Board*, 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974).

With respect to the other findings of the Board left intact by the common pleas court's decision, all speak in general terms of the project being detrimental to the health, safety and general welfare of Montrose because it would result in vacancies in other rental structures in the borough. The essence of the testimony indicated as supporting this finding is that of several local realtors to the effect that their existing rental enterprises would lose many tenants to the proposed project because rentals there are to be directed towards people who will qualify for rental subsidies under the federal Department of Housing and Urban Development's "Section 8" program, thus enabling those people to pay rent at levels below those which the realtors felt they could offer while remaining able to maintain their buildings. The realtors expressed the opinion that they would eventually have to abandon some of their properties if the project were allowed, resulting in eyesores, health hazards and harm to the borough's tax structure. Parties in opposition to a special exception cannot sustain their burden of proving that the use proposed for the exception will be injurious to the public's

---

[1] In its brief to this Court, the Board for the first time sets forth an alleged failure by Grosek to establish that its development will be served with public water and sewer facilities as required by the zoning ordinance. Even ignoring the fact that Grosek presented uncontradicted testimony that such service was available, these factors are at no point mentioned as grounds for denying the exception by the Board in its decision or even by the court of common pleas and they cannot be raised for the first time before this Court. The same holds true for an alleged failure to have the exception application approved by the County Planning Agency.

health, safety, or welfare by "merely introducing evidence to the effect that property values in the neighborhood may decrease." *Soble* at 607, 329 A.2d at 917. Nor does "a showing of the sufficiency of a market [for housing] ... [bear] any reasonable relationship to the public health, safety, morals or general welfare. It is unlawful for a municipality to zone or refuse to zone land for the purpose of limiting competition with existing commercial facilities." *Id.* at 608, 329 A.2d at 917. Accordingly, we, as a matter of law, are unable to sustain those aspects of the Board's denial predicated on absence of a demonstrable need for the housing to be constructed.

As for concerns relative to the tax structure of Montrose, Grosek presented testimony that the units in the development would be fully susceptible to taxation and would increase the community's tax base. This was in response to the expressed fear that the project may somehow be tax exempt because of the federally funded rent subsidies. The evidence presented by opponents of the development was purely speculative as to the possible impact on tax revenues of vacant and abandoned rental properties and that there was no market for the housing. The common pleas court's affirmance ignores both the speculative nature of the evidence presented as to the absence of a market and the fact that tax base concerns, including those derived from an increased demand or municipal services, cannot be decisive in a zoning case. *Zajac v. Zoning Hearing Board of Mifflin Township*, 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

Consequently, because the decision of the Board and the affirmance by the court of common pleas are based on considerations which are either insufficiently supported by the evidence presented or inappropriate as a matter of law, we must hold that the Board erred in denying Grosek's application for a special exception

and we reverse the decision of the court of common pleas.

ORDER

Now, September 13, 1982, this Court reverses the decision and order of the Court of Common Pleas of Susquehanna County in the above captioned matter, dated September 25, 1981, Civil Action — Law No. 1980-385 C.P. and hereby grants the special exception request of Appellant A.J. Grosek & Associates.