## Mullen v. Zoning Hearing Board
## of the City of Lock Haven

*David M. Weixel*, for plaintiff.
*Charles R. Rosamalia, Jr.*, for defendant.

MYERS, *S.P.*, February 4, 1984—This case comes to us on appeal from the decision of the Lock Haven Zoning Hearing Board (hereinafter called board).

In the proceedings below, the board granted Appellee, Phi Mu Chi Chapter of Alpha Chi Rho, a college fraternity, a special exception to use a particular parcel of real estate as a boarding house.

The premises in question is a large single-family residence located at 131 South Fairview Street, Lock Haven, Pa. Said location is within an RL Zone, which is zoned low density residential under Article 7 of the city's zoning ordinance. In this zone, neither a fraternity house nor a boarding house is a permitted use. Nonetheless, a boarding house is a permitted special exception within such a district, whereas a fraternity house can only be located in such a zone if a variance is granted.

The appellee filed an application for a special exception as a fraternity house under Article XXIII, section 302 of the ordinance. Subsequently, notice was given to the public as required by 53 P.S.

§10908 in which the time and the place for hearing was set forth as well as the applicable section of the zoning ordinance under which the application was made. The notice also listed the requested use of the property as a fraternity.

The issue on appeal is whether the board should have considered appellee's application as requesting special exception for use of the property as a boarding house, or whether it should have considered it as an application for a variance for use as a fraternity. The board took the former approach, and appellants contend this was a fundamental error of law. On that basis appellants request that this case be remanded back to the board for a rehearing to consider the application as a variance for a fraternity house.

It is the opinion of this court that the board committed an error of law in considering the application as a special exception for use of the property as a boarding house, rather than as an application for a variance for use as a fraternity house.

## DISCUSSION

The standard of review on appeal in a zoning case is limited to a determination as to whether the board abused its discretion or committed an error of law. Soble Construction Co. v. Zoning Hearing Board, 16 Pa. Commw. 599, 329 A.2d 912 (1974); Surrik v. Zoning Hearing Board, 11 Pa. Commw. 607, 314 A.2d 565 (1974). Whether remand of a zoning case to the zoning hearing board is appropriate rests within the discretion of the court. Soble, Supra.

The zoning ordinance of the City of Lock Haven sets forth the definition of a boarding house in subsection 14 and of a fraternity house in subsection 47, as follows:

"(14). BOARDING HOUSE: Any dwelling in which more than four (4) persons either individually or as families are housed or lodged for hire with or without meals. A rooming house or a furnished room shall be deemed a boarding house.

(47). FRATERNITY/SORORITY HOUSE: A building or part thereof which has only one (1) dining facility and one (1) kitchen and which is designed, intended and/or used primarily for the lodging or activities of any club or association, a majority of whose local members are students at the Lock Haven State College."

In the present case, it is agreed that the premises in question is located in a low density residential district. Section 2302 of the Lock Haven Zoning Ordinance lists the permitted special exceptions for such an area. A boarding house is such a permitted special exception, but a fraternity house is not. In fact, fraternity houses are permitted special exceptions only in residential high density and public institutional areas.

Thus, it is obvious that the Lock Haven Zoning Ordinance distinguishes between boarding houses and fraternity houses. It is also apparent that the intent of this distinction is to render it more difficult to obtain a special exception for a fraternity house than to secure such an exception for a boarding house. Furthermore, under section 2302 a fraternity house is not a permitted special exception within a low density residential district. Therefore, the only way that property within such a district could be used as a fraternity house would be by the granting of a variance. Consequently, it was an error of law for the zoning hearing board to treat the present application as a special exception and not as a variance.

In all fairness, we can understand how such an error was made. In 1980, Lock Haven's Zoning Ordinances were substantially redrafted and became effective January 1, 1981. Under the prior ordinance, no specific provision for a fraternity house was included. Thus, at that time, fraternity houses were treated as rooming houses. See Lambda Chi Alpha v. Hearing Board, No. 77-196 (C.C.P. Clinton County, August 11, 1977.) In Lambda, the court treated a fraternity house as a rooming house since no distinction was made under that zoning ordinance. Nonetheless, in commenting that such a distinction was necessary, the court stated, "This Court is not convinced that a fraternity house is the same as a rooming house. We do not believe that the drafters of the code had that intent or definition in mind. It seems clear to this court that there is real distinction between a fraternity and rooming house."

Thus, Lambda called for a distinction to be made between fraternity houses and rooming houses and subsequently the Lock Haven Zoning Ordinance was revised. With such revisions it is clear that the intent of the drafters was to assure that fraternity houses would be treated differently than rooming houses or boarding houses. Therefore, we remand the issue to the board to review the application in question as a request for a variance.

## ORDER OF COURT

And now, this February 4, 1985, this case is remanded to the zoning hearing board for a rehearing. At said rehearing, the application of the appellee shall be treated as an application for a variance for use as a fraternity house in an RL district.