Albert E. Nicholls, Jr. and Catherine Nicholls, his wife *v.* The Zoning Board of Adjustment of the Borough of Jermyn et al. Allied Services for the Handicapped, Inc., Appellant.

Allied Services for the Handicapped, Inc. *v.* Zoning Board of Adjustment of Jermyn Borough et al. Albert E. Nicholls and Catherine Nicholls, Appellants.

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*John R. O'Brien, Oliver, Price and Rhodes,* for appellant/appellee, Allied Services for the Handicapped, Inc.

*W. Boyd Hughes,* with him *Lawrence J. Moran, Hughes, Nicholls, Moran & Lucas,* for appellee/appellant, Albert E. Nicholls, Jr. and Catherine Nicholls, his wife.

*Gordon B. Simmons, Hendleman, Kreder, O'Connell & Brooks,* for The Zoning Board of Adjustment of the Borough of Jermyn et al.

OPINION BY JUDGE WILLIAMS, JR., February 10, 1984:

Consolidated for argument and disposition is the appeal of Allied Services for the Handicapped, Inc. (docketed at No. 2388 C.D. 1982) from an order of the Court of Common Pleas of Lackawanna County, and the appeal of Albert E. Nicholls, Jr. and Catherine Nicholls (docketed at No. 32 T.D. 1983) from another order of the common pleas court.

## No. 32 T.D. 1983

The Nicholls appeal here from a common pleas court order denying their request for counsel fees sought under Section 2503 of the Judicial Code, 42 Pa. C. S. §2503, which permits an award of counsel fees in denominated circumstances.

In April, 1981, the Borough of Jermyn (Borough) invited sealed bids for the purchase of the Borough's former municipal building. Bid acceptance was expressly conditioned upon the Borough's Zoning Board of Adjustment's (Board) approval of the intended use. Seeking to employ the building as a residence for supervised, emotionally disturbed adults, Allied Services for the Handicapped, Inc. (Allied) subsequently purchased the property after receiving a special use[1] zoning permit from the Borough's zoning inspector. The Nicholls, neighboring land-

---

[1] Section 2.13 of the Borough's Zoning Ordinance defines "Special Use" as:

A use which because of its unique characterictics requires individual consideration in each case by the Board of Adjustment and by the Planning Commission before a zoning permit may be issued.

owners, appealed to the Board challenging the issuance of the zoning permit without the requisite Board action.[2]

At the Board hearing, the zoning inspector's uncontroverted testimony established that (1) Allied's proposed use of the Borough building was not permitted in the residentially zoned district within which the property was situate except by application for a special use permit; and (2) the zoning inspector, while cognizant of the requirements of Board hearing and approval, issued a special use permit to Allied without prior Board action (at the urging of a Borough councilman) because the Borough needed the purchase money and Allied wanted the property. Upon the Board's revocation of the zoning permit, Allied appealed to the common pleas court asserting that the revocation decision was improper because Allied had acquired a vested right in the permit. The Nicholls intervened, and the court, without taking additional evidence, dismissed Allied's appeal on November 1, 1982. Allied did not further appeal.

The Nicholls now assert that Section 2503(9) of the Judicial Code, 42 Pa. C. S. §2503(9),[3] entitles

---

[2] It is beyond dispute that the Ordinance permits a zoning inspector to issue a special use zoning permit only after review by the Planning Commission and a hearing and order by the Board. *See* Sections 7.102(b) and 7.303 of the Ordinance; *see also*, Section 913 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10913 (empowers zoning boards to hear and decide special exception requests).

[3] Section 2503(9) reads:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

them to attorney fees as a sanction against Allied. Section 2503(9) is pertinent solely to a party's arbitrary, vexatious or bad faith conduct in "either commencing or defending a 'matter'." *White v. Redevelopment Authority, City of McKeesport,* 69 Pa. Commonwealth Ct. 307, 314, 451 A.2d 17, 20-21 (1982). The term "matter" is defined by Section 102 of the Judicial Code, 42 Pa. C. S. §102, to mean "[a]ction, proceeding or appeal." The Nicholls assert that Allied's conduct in accepting the improperly issued zoning permit and then purchasing the property without first obtaining Board approval evinced bad faith and thus justified their claim for counsel fees. Although Allied's (and the Borough's) flagrant disregard of the Ordinance provisions was inexcuseable, Allied was neither commencing nor defending a matter when it purchased the Building without obtaining prior Board approval of the proposed use. *See id.* (condemnee's attorney fees request denied because condemnor was neither commencing nor defending a matter under Section 2503(9) when it improperly delayed paying condemnee pursuant to a settlement agreement). Accordingly, we affirm the common pleas court order, dated January 24, 1983, denying the Nicholls' request for counsel fees.

*No. 2388 C.D. 1982*

Allied appeals here from a common pleas court order which reversed the Board's decision granting Allied's special use application allowing occupancy of the Borough's former municipal building as a residence for supervised, emotionally disturbed adults.

In January 1982, approximately two months after the Board revoked its zoning permit, Allied re-applied for a special use permit for the property it had previously purchased and was currently occupying. After a hearing the Board conditionally granted the

application. The Nicholls appealed the Board approval to the common pleas court which, without taking additional evidence, vacated the Board's order upon determining that none of the Board's findings were supported by substantial evidence. This appeal followed.

Our scope of review when the common pleas court has not taken additional evidence is to determine whether the Board abused its discretion, committed an error of law or made findings not supported by substantial evidence. *A. J. Grosek & Associates v. Zoning Hearing Board of Montrose Borough*, 69 Pa. Commonwealth Ct. 38, 450 A.2d 263 (1982).

Allied, whose use is permitted by special exception, has both the duty of presenting evidence and the burden of persuading the Board that its use complies with the specific, objective requirements of the Ordinance (*e.g.*, setbacks, size limits) which govern special exception grants. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). Section 4.202 of the Ordinance, which sets forth standards to guide the Board when reviewing special exception requests, provides, *inter alia,* that a special use "shall conform with regulations applicable to the District where located." Further, Allied must demonstrate that its building, situate in a medium density residential district zoned R-2, conforms to specific requirements regarding minimum lot size, minimum yards, maximum building height and coverage as expressed in the R-2 column of Schedule II of the Ordinance.

A careful review of the record reveals no evidence substantiating the Board's findings that Allied's use complies with the R-2 district regulations or that the building conforms to the specific, dimensional standards contained in Schedule II. Since Allied has failed to satisfy its burden of establishing that its use

complies with the Ordinance's specific requirements governing special exception grants, *Bray,* the common pleas court properly reversed the Board.

Finally, Allied asserts that the common pleas court abused its discretion in reversing the Board's decision instead of remanding for further review. The presence of Board findings necessary to resolve issues raised by the evidence and the absence of substantial evidence supportive of those findings clearly justifies the common pleas court's refusal to remand for a rehearing. *See Soble Construction Co. v. Zoning Hearing Board,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974). Allied, which has been represented by counsel throughout, should not be granted a rehearing ''simply for the purpose of strengthening weak proofs which have already been presented.'' *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 362, 318 A.2d 385, 387 (1974).

Accordingly, we affirm.

ORDER

AND Now, this 10th day of February, 1984, the orders of the Court of Common Pleas of Lackawanna County in the above-captioned matters, respectively dated August 24, 1982, and January 24, 1983, are affirmed.