## Brown v. Lower Southampton Township

*H. Craig Lewis*, for appellants.
*Daniel J. Lawler*, for appellees.

BIESTER, JR., *J.*, July 5, 1984—This is a consolidated action of declaratory judgment on the one hand and an appeal from refusal to grant a variance on the other. The declaratory judgment action seeks a determination that in fact because of an alleged failure to make certain determinations within the required 90-day period certain approvals must be deemed to have taken place. The appeal from the refusal of a variance is predicated upon alleged unique characteristics to a particular residential building lot which are alleged to require a variance of the front yard setback requirement.

The facts in the case do not seem to be disputed. The property is Bucks County Tax Parcel 21-37-4 located in Lower Southampton Township and is a lot 150 feet wide and 120 feet deep. The lot is in

Mrs. Brown's name only but it is beneficially the property of both of appellants. The zoning ordinance of Lower Southampton Township requires in R-2 residence districts (which is the district of the appellants' property) a setback of 30 feet from the property line, which in this location amounts to 36' from the curbline.

It was the intention of appellants to build a home on the property when they acquired it in 1966. However, before a home could be constructed or specifically planned for, a variety of federal and municipal legislation prohibited construction in an area characterized as a "floodplain and/or in an area characterized as a "floodway." Without reviewing the complex interstices of that legislation and regulations pursuant to them, we note that it is agreed by the parties that the rear of the residence may be constructed on what is called in the hearings the "fringe of the floodway" but not in the floodway or floodplain. For the purposes of this case the "fringe of the floodway" is 41 feet from the front curb line of the subject lot and 35 feet from the front property line. The house which the parties propose to build would be 50 feet wide and 24 feet deep. Therefore appellants alleged that a setback variance is necessary to avoid an undue hardship. They have sought to vary the front yard setback requirement from 30 feet from the property line to ten feet from the property line. We note parenthetically that an additional 6 foot figure recurs periodically in the record of the case. The curb line is six feet closer to the center of the roadway than is the property line and the forty-one foot requirement for the rear of the house to meet the requirements of the so-called "fringe of the floodway" boundary is forty-one feet from the *curbline,* not the property line.

Were the requirements of the zoning ordinance strictly applied and the federal legislation and municipal regulations and legislation pursuant thereto complied with, the only residence property or building of any kind which could be built on these premises would be of various possible widths, but only four feet deep.

With respect to the appeal from the refusal of a variance our review is guided by well-known legal principles. No additional evidence was presented to the court and therefore the scope of our review is limited to determining whether the board committed a manifest abuse of discretion or an error of law in granting the instant variances. We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. By substantial evidence we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Valley View Civic Association v. Zoning Board of Adjustment, 501 Pa. 550, 462 A.2d 637 (1983).

A variance may be granted only for reasons which are substantial, serious and compelling. One who seeks a variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied and (2) the proposed use will not be contrary to the public interest. Any alleged hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising generally from the impact of zoning regulations on an entire municipality or entire zoning district. Of course, evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance. Valley View Civic Association, supra.

Applying the above standards and principles to this case does not involve any considerable difficulty. The hardship is peculiar to the property because

the floodpain and/or floodway regulations apply only to selected properties and were imposed long after the appellants became owners of the property. The appellants did not create or cooperate in creating the hardship. The only use for which the property can be put if the variance is not granted would be as a park or some similar use. The property is zoned R-2 residence and obviously no useful building can be constructed on the premises which is limited in its depth to only four feet. Therefore the hardship is enormous. Without a variance the property is useless for all practical purposes.

With respect to the potential impact of the variance upon the public interest we note that this is not a use variance. It is instead a dimensional variance and therefore carries a lesser risk of injury to the public interest than would a use variance. O'Neill v. Zoning Broad of Adjustment, 434 Pa. 331, 254 A.2d 12 (1969).

The protestants at the two hearings held in this matter expressed genuine concern with respect to a building line which was so close to the curb line as to create aesthetic problems for nearby owners, and apprehension of a loss of property value to nearby residents. There was also expressed some apprehension about cars being parked in front of the subject property. As to the last concern, the record demonstrates that there is sufficient parking planned for the residents' use on the premises itself. We do not believe that the aesthetic apprehensions of the protestants or the apprehension of depreciation of value of nearby properties is sufficient either separately or collectively to carry a public interest warranting a strict application of the setback requirements when their strict application would render the appellants' property utterly useless and of no economic value whatsoever. Medinger Appeal,

377 Pa. 217, 104 A.2d 118 (1954); Soble Construction Co. v. Zoning Hearing Board, 16 Pa. Commw. 599, 329 A.2d 912 (1974) (Neither aesthetic reasons nor conservation of property values are, singly or combined, sufficient to constitute promotion of health or morals or safety or general welfare of the township or its inhabitants or property owners, within the meaning of the enabling act or under the Pennsylvania Constitution). In addition,

[T]he requirement that a variance consistent with the public interest cannot be used as a substitute for condemnation. It is one thing to say that applicant must select a use which comports with the public interest. It is quite another to say that he must leave his property vacant because the public interest demands that it be so. In the latter situation, the proper remedy is to condemn the property and pay for it. Ryan, Pennsylvania Zoning Law and Practice, §6.2.10 (Supp. 1982).

In light of the deteminations we have made, no decision on the declaratory judgment issues is either necessary or made.

### ORDER

And now, this July 5, 1984, it is hereby ordered, directed and decreed that the decision of the Lower Southampton Zoning Hearing Board is reversed, the requested variance granted, and the matter is remanded to the zoning hearing board for further consideration consistent with this opinion.