In Re: The Appeal of the Estate of Charles Achey From the Decision of the Manor Township Board of Supervisors, the Executors of the Estate of Charles Achey, Appellants.

In Re: The Appeal of the Estate of Charles Achey From the Decision of the Manor Township Board of Supervisors, Colonial Manor Association, Appellant.

Argued May 3, 1984, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Charles E. Zaleski, Tive, Hetrick & Pierce, P.C.,* for appellants, Executors of the Estate of Charles Achey.

*Robert S. Bennett, Jr., Trevaskis, Bennet & Slama,* with him, *Thomas L. Goodman,* for appellee, Manor Township Board of Supervisors.

*Melvin E. Newcomer, Allison & Pyfer,* for appellee, Colonial Manor Civic Association.

OPINION BY JUDGE BLATT, December 11, 1984:

The Estate of Charles Achey (Landowner) (Appeal No. 3407 C.D. 1983) and Colonial Manor Civic Association (Association) (Appeal No. 3545 C.D. 1983) have filed cross appeals here concerning a decision of the Court of Common Pleas of Lancaster County which denied the Landowner a conditional use permit for a mobile home park.

On November 4, 1981, the Landowner filed an application with the Board of Supervisors of Manor Township (Board)[1] for approval of a conditional use permit, pursuant to Section 704 of the Manor Township Zoning Ordinance. He intended to develop a mobile home park on approximately 113.8 acres of land in the Township. After conducting hearings, the Board denied the application, and he then appealed to the common pleas court which, after denying his motion to supplement the record and granting leave to intervene to the Association, affirmed the order of the Board. The instant appeals ensued.

In a zoning case, where, as here, the court below took no additional evidence, our scope of review is to determine whether or not the zoning board committed an abuse of discretion or an error of law. *Appeal of Gillies Corporation,* 59 Pa. Commonwealth Ct. 526, 430 A.2d 694 (1981). The existence of a conditional

---

[1] The Landowner also filed an application with the Lancaster County Planning Commission for approval under the Lancaster County Subdivision and Land Development Ordinance which was ultimately approved and is not at issue here.

use provision in a zoning ordinance, of course, indicates legislative acceptance that the use is consistent with the zoning plan and should be denied only when the adverse impact upon the public interest exceeds that which might be expected in normal circumstances; where an applicant complies with the ordinance's specific requirements, the burden then lies upon the objectors, and the township is required to grant the conditional use unless it can be shown to a high degree of probability that the use will adversely impact on the public interest; and the mere possibility of adverse impact is not enough. *Brentwood Borough v. Cooper,* 60 Pa. Commonwealth Ct. 462, 431 A.2d 1177 (1981).

## No. 3407 C.D. 1983

The parcel of land in question here is located in an area of Manor Township which is zoned as a medium-density residential district. Section 704.a of the Manor Township Zoning Ordinance (Zoning Ordinance) specifically provides for mobile home parks as a conditional use in such a district, and Section 302(23) of the Zoning Ordinance defines a conditional use as follows:

A use which is not appropriate to a particular zone district as a whole, but which may be suitable in certain localities within the district only when specific conditions and factors prescribed for such cases within this Ordinance are present. Conditional uses are allowed or denied by the Municipal Governing Body after recommendations by the Planning Agency.

In addition to the above Zoning Ordinance, Manor Township also enacted Ordinance No. 1-77 (Street Ordinance), which regulates the construction of streets, curbs and driveways in the Township and, in pertinent part, provides that:

(C) Width of Newly-Constructed Streets in Developments

(i) The paved roadway width shall not be less than thirty-four (34) feet, curbed on both sides with "Plain Cement Concrete Curb" as detailed on PennDOT design drawing RC-64, dated June 1, 1976.

The Landowner here submitted plans to the Board which indicated that the proposed mobile home park would contain streets with a width of 24 to 28 feet, and no curbs. Both the Board and the common pleas court held, *inter alia,* that inasmuch as the plans were not in compliance with the Street Ordinance, the developer was not entitled to a conditional use permit.

The Landowner essentially raises two issues here concerning the Street Ordinance: whether or not the Street Ordinance is invalid inasmuch as it exceeds the statutory authority granted to Manor Township under the Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67201, and, assuming that we hold that the Street Ordinance is valid, whether or not that ordinance is pre-empted by the Lancaster County Subdivision and Land Development Ordinance.

Section 1140.1 of the Code, 53 P.S. §66140.1 provides that:

> *No person shall construct, open, or dedicate any road,* or any drainage facilities in connection therewith, *for public use or travel* in any township, *without first submitting plans thereof to the township supervisors for their approval.* (Emphasis added.)

The Code, however, also provides in Section 103, 53 P.S. §65103 that "[*t*]*his act does not include any provisions,* and shall not be construed to repeal any acts, *relating to* . . . (g) State roads, and *private roads;* . . . ." (Emphasis added.) Clearly, Manor Township

has no authority under the Code to regulate private roads and we believe, therefore, that the Street Ordinance is inapplicable to private roads. The issue here, therefore, becomes whether or not the roads within the mobile home park would be public or private, because only public roads would be governed by the criteria set forth in the Street Ordinance.

The plans submitted to the Board contain an express disclaimer by the Landowner stating that "no streets or facilities within the land development are proposed for public dedication." In light of this disclaimer and of the fact that a road becomes public only after *dedication* and acceptance, *Elliott v. H. B. Alexander & Son, Inc.*, 41 Pa. Commonwealth Ct. 184, 399 A.2d 1130 (1979), we believe that the roads here will be private roads and, as such, the Street Ordinance is not applicable here.[2]

Inasmuch as we have held that the Street Ordinance is invalid as it applies to private roads, and that the roads within the proposed mobile home park will be private, we need not address the Landowner's contention that the Lancaster County Subdivision and Land Development Ordinance pre-empts the Street Ordinance. We would note, however, that Section 502 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10502 provides, in pertinent part, that:

> The powers of governing bodies of counties to enact, amend and repeal subdivision and land

---

[2] In its analysis, the court of common pleas found that the more restrictive road construction standards established by the Street Ordinance pertained here rather than the Lancaster County standards because the county ordinance in Section 102.02 provides that, if a municipality develops more restrictive standards in its road ordinance, those standards apply. Inasmuch as we have concluded that the roads here are private and that Manor Township can not regulate private roads, any issues pertaining to the applicability of Section 102.02 of the county ordinance are now moot.

development ordinances shall be limited to land in those cities, boroughs, incorporated towns and townships wholly or partly within the county which have no subdivision and land development ordinance in effect at the time a subdivision and land development ordinance is introduced before the governing body of the county, and until the city, borough, incorporated town or township subdivision and land development ordinance is in effect and a certified copy of such ordinance is filed with the county planning agency, if one exists. The enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance shall act as a repeal pro tanto of the county subdivision and land development ordinance within the municipality adopting such ordinance.

Furthermore, the record reveals that Manor Township has not enacted a comprehensive subdivision and land development ordinance and that the Landowner's proposed plans for a mobile home park have been approved by Lancaster County. We believe, therefore, that the only standards legally applicable here, those of the Lancaster County Subdivision and Land Development Ordinance, have been met and that the court of common pleas erred in affirming the Board's decision to deny a conditional use permit on the grounds that the Landowner had failed to comply with the Street Ordinance.

The court also held that the Board's conclusion that the mobile home park would "detract from the permitted uses of the district" warranted the denial of the conditional use permit. We have repeatedly stated, however, that the existence of a conditional use provision in a zoning ordinance indicates that the

conditional use will not detract from the permitted uses in the district if all conditions are met. *Brentwood Borough.* Here, the trial court found that all the conditions set forth in the zoning ordinance were satisfied but concluded that the objectors had met their burden of proving adverse impact on the public interest by establishing that one of the consequences of building the proposed mobile home park would be a decrease in surrounding property values. We have held, however, in similar cases involving special exceptions,[3] that the objectors do not meet their burden of proving an adverse impact by "merely introducing evidence to the effect that property values in the neighborhood may decrease." *Soble Construction Company v. Zoning Board,* 16 Pa. Commonwealth Ct. 599, 607, 329 A.2d 912, 917 (1974). *See also A. J. Grosek & Associates v. Montrose Borough Zoning Hearing Board,* 69 Pa. Commonwealth Ct. 38, 450 A.2d 263 (1982) and *Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

Accordingly, we will reverse the decision and order of the Court of Common Pleas of Lancaster County.

## No. 3545 C.D. 1983

Even though it prevailed in the trial court, the Association has cross-appealed, alleging two errors. Pa. R.A.P. 501, however, requires, *inter alia,* that a party to an appeal must be "aggrieved." *See also* Section 752 of the Administrative Agency Law, 2 Pa. C. S. §752. We have previously defined an "aggrieved person" to "have a direct interest that is adversely

---

[3] Special exceptions and conditional uses are similar zoning concepts which allow the landowner to develop his property for a specified use if that use is accord with the standards set forth in the ordinance. *See* 1 Ryan, Pennsylvania Zoning Law and Practice §§5.1.2, 5.1.4 (1970).

affected by the action which he seeks to challenge." *Mosside Associates, Limited v. Zoning Hearing Board*, 70 Pa. Commonwealth Ct. 555, 454 A.2d 199 (1982). Having prevailed below, we believe that the Association is not an aggrieved party and we will, therefore, dismiss its cross-appeal.

ORDER IN 3407 C.D. 1983

AND Now, this 11th day of December, 1984, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby reversed.

ORDER IN 3545 C.D. 1983

AND Now, this 11th day of December, 1984, the appeal of the Colonial Manor Civic Association in the above-captioned matter is hereby dismissed.