551 A.2d 578

**Crystal GREEN, a minor by her parent and natural guardian Charlotte GREEN, and Charlotte Green in her own right, Appellants,**

v.

**SEPTA, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 7, 1988.

Filed Dec. 14, 1988.

Dale G. Larrimore, Philadelphia, for appellants.

Before WIEAND, McEWEN and MELINSON, JJ.

WIEAND, Judge:

Because of injuries sustained by Crystal Green in a fall on subway stairs, a civil action was commenced against SEPTA by Charlotte Green in her own right and on behalf of Crystal, her minor daughter. The action was settled prior to trial and during the discovery stage for the sum of ten thousand ($10,000.00) dollars. A petition was then prepared and presented to the trial court requesting approval of the settlement and directing distribution of the proceeds.[1]

1. Pa.R.C.P. 2039 requires court approval of a minor's settlement as follows:

The petition for approval suggested distribution as follows:

The petition for approval suggested distribution as follows:

| | |
|---|---|
| GROSS SETTLEMENT | $10,000.00 |
| TO: DEUTSCH & LARRIMORE, P.C. (Costs) | –123.69 |
| NET RECOVERY | $ 9,876.31 |
| TO: DEUTSCH & LARRIMORE, P.C. (Fee) | –3,292.10 |
| Recovery for minor and parent plaintiffs | $ 6,584.21 |
| TO: DR. JERRY MURPHY | $ 1,605.00 |
| TO: 7622 MEDICAL CENTER | $ 90.00 |
| TO: SHELLYS SURGICAL SUPPLIES | $ 399.99 |
| TO: DR. FRANK MONTIQUE | $ 300.00 |
| TO: CRYSTAL GREEN, a minor, to be deposited in a federally insured interest bearing account or savings certificate, to be marked "Not to be withdrawn until said minor attains majority, except as authorized by a further order of this Court." | $ 4,189.22 |

The trial court, however, modified the suggested order of distribution and directed that distribution be made as follows:

| | | |
|---|---|---|
| $10,000.00 | ........ | gross settlement |
| –$123.69 | ........ | costs |
| –$2,394.99 | ........ | medical bills |
| $7,481.32 | ........ | net recovery |
| –$2,493.74 | ........ | To: Deutsch & Larrimore (Fee) |
| $4,987.58 | ........ | To: Minor plaintiff and guardian |

The effect of the court's order was to reduce the amount of counsel fees proposed in the petition and thereby increase the amount distributable to and on behalf of the minor plaintiff.

An appeal was filed from this order by the minor plaintiff and her mother. Trial counsel continued to represent them

(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor.

(b) When a compromise or settlement has been so approved by the court, or when a judgment has been entered upon a verdict or by agreement, the court, upon petition by the guardian or any party to the action, shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement or judgment; or the court may make such order as it deems proper fixing counsel fees and other proper expenses.

on appeal and argued only that the settlement court had abused its discretion by reducing the amount of counsel fees. Neither the minor plaintiff nor her mother was separately represented before this Court, and SEPTA did not appear or file a brief.

The law is clear that only an aggrieved party can appeal from an order entered by a trial court. Pa.R.A.P. 501. To be "aggrieved" a party must have been adversely affected by the decision from which the appeal is to be taken. *In re Appeal of Estate of Achey*, 86 Pa.Cmwlth. 385, 392-393, 484 A.2d 874, 878 (1984), *aff'd.*, 509 Pa. 163, 501 A.2d 249 (1985) (per curiam); *In re Controller's Report, Year 1972, of Lackawanna County*, 37 Pa.Cmwlth. 580, 589, 390 A.2d 1368, 1372 (1978). See also: *In the Matter of Harrison Square, Inc.*, 263 Pa.Super. 324, 327, 397 A.2d 1230, 1231-1232 (1979); *Prior v. Borough of Eddystone*, 30 Pa.Cmwlth. 536, 538 n. 1, 374 A.2d 981, 982 n. 1 (1977). Generally, a prevailing party is not "aggrieved," and, therefore, does not have standing to appeal an order which has been entered in his or her favor. See: *In re Appeal of Estate of Achey, supra*, 86 Pa.Cmwlth. at 394, 484 A.2d at 879; *Burchanowski v. County of Lycoming*, 32 Pa.Cmwlth. 207, 210, 378 A.2d 1025, 1027 (1977).

In the instant case, it is readily apparent that the plaintiffs have not been "aggrieved" by the trial court's order which reduced the amount of counsel fees payable from the settlement proceeds and increased the amount distributable to the minor plaintiff. Because they have not been aggrieved by the trial court's order, they do not have standing to appeal therefrom.

The party aggrieved by the trial court's order is the lawyer who represented the plaintiffs and whose fees were reduced by the trial court. To obtain a review of the trial court's order reducing counsel fees, it was necessary that counsel file an appeal in his own name. If such an appeal had been filed, the clients would then have been able to obtain other counsel to represent their separate interests.

We will not permit counsel to use an appeal by his clients as a means for advancing his own interest at the expense of his clients whose interests are not separately represented.

APPEAL DISMISSED.