J-S56003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THMED D/B/A MEDSTAR AND MEDSTAR LOCUM TENENS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ADVANCED URGENT CARE OF MONTGOMERYVILLE | |
| APPEAL OF: MEHDI NIKPARVAR | |
| Appellant | No. 624 EDA 2017 |

Appeal from the Order Entered January 30, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-31947

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 19, 2017**

Mehdi Nikparvar filed a notice of appeal from an order denying an objection to a sheriff's determination that an entity called Merck Real Estate did not have a claim to personal property subject to execution by Appellee Thmed d/b/a Medstar and Medstar Locum Tenens ("Thmed").  We dismiss this appeal.

Thmed instituted this action against Advanced Urgent Care of Montgomeryville ("Advanced") for breach of contract.  Thmed is a provider of medical staff, and entered a contract with Advanced for those services. After Advanced failed to pay for the staff provided by Thmed, Thmed filed

_____

* Retired Senior Judge specially assigned to the Superior Court.

this action. Advanced was served with the complaint, but never responded to it. On February 2, 2016, Thmed entered default judgment against Advanced in the amount of $137,507.25. Advanced never filed a petition to open or strike the default judgment. Over five months later, on July 12, 2016, Appellee filed a writ of execution on personal property located at Advances' premises, and a sheriff's sale was scheduled.

On August 18, 2016, an entity called Merck Real Estate ("Merck") filed a property claim to the personal property, which consisted of equipment and computers, located at Advanced's business premises. *See* Pa.R.C.P. 3202(a) ("A claim to tangible personal property levied upon pursuant to a writ of execution shall be in writing and substantially in the form provided by Rule 3258 and shall be filed with the sheriff prior to any execution sale of the property claimed."). The sheriff scheduled a hearing, where no one from Merck appeared. On September 20, 2016, the sheriff denied the claim due to the fact that a representative from Merck did not arrive at the hearing to establish the merits of Merck's claim. *See* Pa.R.C.P. No. 3204 ("Within ten days after the claim is filed the sheriff shall, with or without formal hearing, determine whether the claimant is prima facie the owner of the property in whole or in part.").

Merck filed an objection to the sheriff's determination to deny its claim. Pa.R.C.P. 3207(b) ("The claimant may, within ten days after the date of the mailing of the copy of the determination and valuation, file with the

- 2 -

prothonotary and with the sheriff an objection to the determination substantially in the form provided by Rule 3260, with or without bond.").

On January 4, 2017, the court of common pleas held a hearing on the objection. Merck was not represented by an attorney, but Joanne Ramos appeared. She stated that she filed the property claim on behalf of Merck at Appellant's request and that he completed the paperwork for the claim. She acknowledged that no one from Merck came to the hearing before the sheriff. Ms. Ramos presented a document that was a property lease. It was executed by Mr. Nikparvar herein as a representative of Advanced, the lessee. According to the document, the owner of the personal property located at Advanced's premises was Merck, which leased that property to Advanced. The name of the individual who signed the lease on behalf of Merck is not typed, and his or her signature is illegible. The trial court denied Merck's objection to the sheriff's determination. Mr. Nikparvar, the owner of Advanced, filed the present appeal contesting the determination that Merck does not own the personal property.

Mr. Nikparvar raises these issues:

> A. Did the lower court abused [sic] its discretion in affirming the sheriff's determination and denying the Appellant's objection?
>
> B. Whether the lower court failed to weigh the Appellant's substantial evidence with respect to the lease and entitlement of the personal property?

Appellant's brief at 5.

Thmed correctly observes in its brief that Mr. Nikparvar lacks standing to litigate these issues.[1] In ***Johnson v. Am. Standard***, 8 A.3d 318 (Pa. 2010), our Supreme Court noted that standing was a threshold issue and involved a question of law. The ***Johnson*** Court continued that, at its core, the concept of standing is that "a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution of his challenge." ***Id***. at 326 (quoting ***Wm. Penn Parking Garage, Inc. v. City of Pittsburgh***, 346 A.2d 269 (Pa. 1975)); ***accord Interest of K.C.***, 156 A.3d 1179, 1182 (Pa.Super. 2017) (citation omitted) ("A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken."); ***see also*** Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.").

Mr. Narparver complains that the trial court should not have denied "Appellant's" objection to the sheriff's determination. Merck, not Mr. Narparver, filed the objection to the sheriff's determination, and Merck, not

---

[1] We note that, at the hearing before the trial court, it was unclear whether Ms. Ramos was acting for Merck or Advanced. She was instructed to bring in the lease, which indicated that Merck, rather than the judgment debtor Advanced, owned the personal property. Thus, until Mr. Nikparvar filed this appeal, there was no issue of standing. The trial court ruled that the proceedings before it were a nullity since Merck was not represented by counsel.

Mr. Narparver, filed the property claim before the sheriff. The "Appellant's substantial evidence" that the trial court alleged failed to weigh was that Merck, not Mr. Narparver, owned the personal property. Merck is the aggrieved party in this matter. Indeed, according to the lease agreement, Mr. Narparver signed that document on behalf of Advanced, the judgment debtor herein, and another individual executed the lease agreement as a representative of Merck. Even if the lease agreement is a sham, Advanced, and not Mr. Narparver, owns the personal property in question, and it is the entity with standing to pursue this appeal. *See Hill v. Ofalt*, 85 A.3d 540 (Pa.Super. 2014) (shareholder cannot sue bring suit in individual name for injuries suffered by corporation). Since Mr. Narparver does not own the property, he is not aggrieved by the trial court's ruling and does not have standing herein. Accordingly, the appeal must be dismissed. *See Green by Green v. SEPTA*, 551 A.2d 578 (Pa.Super. 1988)

Appeal dismissed.

Judge Stabile joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017