J-A01026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANTE OVERBY, | |
| Appellant | No. 1705 EDA 2017 |

Appeal from the PCRA Order April 27, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0604691-2006

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 23, 2018**

Appellant, Dante Overby, appeals from the order granting his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We quash.

We take the following factual and procedural history from our independent review of the certified record and this Court's December 22, 2009 decision on direct appeal.

> [Appellant] was arrested on April 22, 2006 as a result of events occurring at the Cognac Corner Bar at 21st and Reed Street in Philadelphia.  [Appellant] fired gunshots through the door of the bar, [wounding two individuals].  Trial was scheduled to begin on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth also has appealed from the PCRA court's order, at docket number 1532 EDA 2017.

March 5, 2007, but on that date [Appellant] instead plead[ed] guilty to the above-described charges in exchange for the Commonwealth's agreement to drop others[, and not to argue that Appellant waived his Rule 600 issue by pleading guilty]. [Appellant] was sentenced to six and one half to thirteen years of imprisonment. Trial counsel was permitted to withdraw and new counsel was appointed on June 4, 2007.

(***Commonwealth v. Overby***, No. 832 EDA 2007, unpublished memorandum, at *1-2 (Pa. Super. filed Dec. 22, 2009)).

On December 22, 2009, this Court affirmed Appellant's judgment of sentence and granted appointed appellate counsel's petition to withdraw. (***See id.*** at *1). On November 9, 2010, the Pennsylvania Supreme Court denied further review, and the United States Supreme Court denied *certiorari* on April 25, 2011. (***See Commonwealth v. Overby***, 12 A.3d 751 (Pa. 2010), *cert. denied*, 563 U.S. 966 (2011)).

On November 21, 2011, Appellant filed a *pro se* first PCRA petition. After the PCRA court appointed counsel, Appellant moved to proceed *pro se* on July 23, 2012. The court held a ***Grazier***[2] hearing on August 13, 2015, and granted Appellant's request. Appellant filed a *pro se* amended PCRA petition on October 9, 2015. In his petitions, Appellant claimed that the Commonwealth violated Rule 600, and that his guilty plea was involuntary where plea counsel rendered ineffective assistance by misrepresenting that he

_____

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

would be able to raise his Rule 600 claim on appeal, even if he pleaded guilty.[3] (**See** PCRA Petition, 11/21/11, at 3-4, 8; Amendment to PCRA Petition, 10/09/15, at unnumbered page 6).

On April 27, 2017, the PCRA court **granted** Appellant's petition in an order and memorandum opinion, and allowed him to withdraw his guilty plea. The court found that counsel was ineffective because he had no reasonable basis for advising Appellant that he would be able to raise the Rule 600 issue on direct appeal despite pleading guilty.[4] (**See** PCRA Court Opinion, 4/27/17, at 8). Appellant timely appealed on May 10, 2017.[5] He filed a timely court-

_____

[3] Appellant also claimed that the prosecutor and the trial court made the same misrepresentation. (**See** Amendment to PCRA Petition, 10/09/15, at unnumbered page 3). In addition, he raised an **Alleyne** claim, but withdrew it during oral argument. **See Alleyne v. United States**, 133 S. Ct. 2151 (2013); (Amendment to PCRA Petition, at unnumbered pages 9-10; N.T. Hearing, 3/27/17, at 10).

[4] In the Commonwealth's appeal of the order, we reversed the PCRA court and ordered reinstatement of Appellant's guilty plea. We concluded he did not suffer any prejudice on the basis of counsel's advice where, on direct appeal, this Court had previously addressed Appellant's Rule 600 issue substantively and expressly concluded that it is "wholly without merit." (**Commonwealth v. Overby**, No. 832 EDA 2007, unpublished memorandum, at *5 (Pa. Super. filed Dec. 22, 2009)).

[5] On May 22, 2017, after filing his notice of appeal, Appellant filed a *pro se* motion to preclude retrial based on double jeopardy. The trial court denied the motion in an order dated June 2, 2017, and time-stamped June 6, 2017. Any attempt by Appellant to incorporate this order into the current appeal is not proper. (**See** Appellant's Brief, at 6, 8 ¶ 3). Moreover, any double jeopardy claim is moot where, as stated above, we ordered reinstatement of Appellant's guilty plea.

ordered statement of errors complained of on appeal on June 7, 2017. **See** Pa.R.A.P. 1925(b). The court did not file an opinion. **See** Pa.R.A.P. 1925(a).

Appellant maintains, in pertinent part, that the PCRA court should have granted his petition on different grounds. (**See** Appellant's Brief, at 8 ¶¶ 1-2). Before we consider the merits of Appellant's appeal, we must consider whether it is properly before us.

It is well-settled that:

> [O]nly an aggrieved party can appeal from an order entered by the lower court. [**See**] Pa.R.A.P. 501; **see also Green by Green v. SEPTA**, 380 Pa. Super. 268, 551 A.2d 578, 579 (Pa. Super. 1988) (citations omitted) ("To be 'aggrieved' a party must have been adversely affected by the decision from which the appeal is to be taken. Generally, a prevailing party is not 'aggrieved,' and, therefore, does not have standing to appeal an order which has been entered in his or her favor.")

**Commonwealth v. Fitzpatrick**, 159 A.3d 562, 571 (Pa. Super. 2017), *appeal denied*, 173 A.3d 255 (Pa. 2017) (most case citations omitted). Further, "a prevailing party's disagreement with the legal reasoning or basis for a decision does not amount to such a cognizable aggrievement as is necessary to establish standing." **Id.** (citation omitted).

In this case, as stated previously, the PCRA court **granted** Appellant's petition and found plea counsel ineffective, which resulted in the grant of Appellant's motion to withdraw his guilty plea. Merely because Appellant argues that the PCRA court should have granted his petition on a different basis does not render Appellant an aggrieved party. **See id.** Therefore,

Appellant lacks standing to appeal the PCRA court's order and we quash his appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/18