J-A05028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TENAY CASEY, TROY CASEY, GLEN CASEY, CALVIN CASEY, CAROLYN CASEY, DELORES CASEY, BEATRICE CASEY C/O DELORES CASEY, POA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | No. 2390 EDA 2017 |
| | : : | |
| PRESBYTERIAN HOSPITAL, PENN PRESBYTERIAN HOSPITAL UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA AND PENN MEDICINA | : : : : : : | |
| v. | : : : | |
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC AND ARAMARK MANAGEMENT SERVICES, L.P. | : : : | |

Appeal from the Order Dated July 11, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2016 No. 3594

| | | |
|---|---|---|
| TENAY CASEY; DELORES CASEY; TROY CASEY; CALVIN CASEY; CAROLYN CASEY; AND BEATRICE CASEY C/O DELORES CASEY, POA | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| | : : | No. 2544 EDA 2017 |
| PRESBYTERIAN HOSPITAL; PENN PRESBYTERIAN HOSPITAL; UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM; HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA; AND PENN MEDICINE | : : : : : : | |

J-A05028-18

                                          :
                                          :
                                          :
                 v.                        :
                                          :
                                          :
                                          :
ARAMARK HEALTHCARE SUPPORT                 :
SERVICES, LLC AND ARAMARK                  :
MANAGEMENT SERVICES, L.P.                  :
                                          :
                                          :
                                          :
                 v.                        :
                                          :
                                          :
                                          :
ALLIED BARTON SECURITY                     :
SERVICES, LLC                              :
                                          :
                                          :
APPEAL OF: PRESBYTERIAN                     :
MEDICAL CENTER OF THE                      :
UNIVERSITY OF PENNSYLVANIA                  :
HEALTH SYSTEM

Appeal from the Order Dated July 11, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2016 No. 03594

TENAY CASEY; DELORES CASEY;       :   IN THE SUPERIOR COURT OF
TROY CASEY; GLEN CASEY; CALVIN     :         PENNSYLVANIA
CASEY; CAROLYN CASEY AND           :
BEATRICE CASEY, C/O DELORES        :
CASEY, POA                         :
                                   :
                                   :
                 v.                 :
                                   :   No. 2549 EDA 2017
                                   :
PRESBYTERIAN HOSPITAL; PENN        :
PRESBYTERIAN HOSPITAL;             :
UNIVERSITY OF PENNSYLVANIA         :
HEALTH SYSTEM; HOSPITAL OF THE     :
UNIVERSITY OF PENNSYLVANIA,        :
AND PENN MEDICINE                  :
                                   :
                                   :
                 v.                 :

- 2 -

J-A05028-18

|  |  |
|---|---|
| ARAMARK HEALTH SUPPORT SERVICES, LLC AND ARAMARK MANAGEMENT SERVICES, L.P. | : : : : |
|  | : : : |
| v. | : : : |
|  | : : |
| ALLIED BARTON SECURITY SERVICES, LLC | : : : : |
|  | : : |
| APPEAL OF: PRESBYTERIAN MEDICAL CENTER OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM | : : : : |

Appeal from the Order Dated July 11, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2016 No. 03594

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 05, 2018**

Delores Casey, Troy Casey, Glen Casey, and Calvin Casey (collectively, Appellants) appeal from the order granting the motion for summary judgment filed by Presbyterian Medical Center of the University of Pennsylvania Health System (Hospital).  Likewise, Hospital appeals from two additional orders, which partially granted the summary judgment motions of, respectively: (1) Aramark Healthcare Support Services, LLC and Aramark Management Services, L.P. (collectively, Aramark); and (2) Allied Barton Security Services,

_____

* Former Justice specially assigned to the Superior Court.

- 3 -

LLC (Allied). We quash all three appeals as prematurely taken because Hospital's cross-claims against Aramark and Allied remain outstanding.

On February 24, 2016, Appellants commenced suit against Hospital, averring negligence and negligent infliction of emotional distress. Hospital joined Aramark as an additional defendant, and Aramark joined Allied as an additional defendant. Hospital then filed cross-claims against Aramark and Allied, raising claims of contribution, common law indemnity, and contractual indemnity against both. With respect to contractual indemnity, Hospital averred that **if** it were to be found liable to Appellants, then both Aramark and Allied were liable over to Hospital, including for fees and costs, pursuant to contract terms between Hospital and Aramark and between Hospital and Allied.

Following discovery, all three defendants filed motions for summary judgment. Hospital filed responses to Aramark's and Allied's motions, joining their arguments that Appellants' claims should be dismissed, but arguing that "regardless of the outcome of [its own] Motion for Summary Judgment, [Hospital] was entitled to Contractual Indemnity from Aramark [and Allied] in the form of the costs, expenses and attorneys' fees [Hospital] was required to expend in defending the instant matter." Hospital's Resp. to Aramark's Mot. for Summ. J. at 2; Hospital's Resp. to Aramark's Mot. for Summ. J. at 2.

On July 12, 2017, the trial court issued three orders, which: (1) granted Hospital's motion for summary judgment in full and dismissed with prejudice

- 4 -

all claims against it; (2) granted Aramark's motion for summary judgment, except as to Hospital's contractual indemnity claim against it; and (3) granted Allied's motion for judgment, except as to Hospital's contractual indemnity claim against it. As stated above, Appellants have appealed from the order granting Hospital's motion for summary judgment, and Hospital has appealed from the two orders partially granting Aramark's and Allied's motions.

In its opinion, the trial court suggests all three appeals should be quashed, reasoning: (1) its orders are interlocutory and not final, because they did not end the suit or dispose of all parties, where Hospital's contractual indemnity claims against Aramark and Allied remain unresolved; and (2) its orders were not collateral, as Appellants and Hospital "retain the ability to [request review] after a truly final order has been entered." Trial Ct. Op., 9/29/17, at 5. Additionally, the court observed that because it granted Hospital's motion for summary judgment in full and in a manner entirely consistent with Hospital's request for relief, Hospital was not aggrieved and therefore lacked standing to appeal. *Id.* at 7.

This Court consolidated the three appeals, and then issued a *per curiam* rule to show cause to all parties why the appeals should not be quashed. In response, Appellants claimed that the trial court's orders are in fact final, because the only remaining claims — Hospital's cross claims of contractual indemnity against the two additional defendants — could only proceed if Appellants were successful against Hospital, but all of their claims have now

been extinguished. In its response, Hospital did not dispute the trial court's finding that outstanding claims remained in this case, but nevertheless maintained that its purpose for appealing was "to preserve its claims for contribution and common law indemnity against [Aramark and Allied] in the event that the Superior Court reverses the Order which granted [Hospital] summary judgment as to all claims against it." Hospital's Resp. to Order to Show Cause at 3. Hospital reasoned that if review of these orders is postponed until final judgment "**and** the order which granted [it] summary judgment against [Appellants] is reversed, [Hospital] will irreparably lose its claims for both contribution and common law indemnity against" Aramark and Allied. *Id.* at 3-4 (emphasis added). For this reason, Hospital asserted, the trial court's order was collateral and appealable. Following both parties' responses, this Court discharged the rule to show cause, but advised the parties that this Court may revisit the issue of quashal.[1]

We must first determine whether Appellants' and Hospital's appeals are properly before this Court. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009).

> In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final[, *see* Pa.R.A.P. 341]; 2) an interlocutory order as of right; [*see* Pa.R.A.P. 311,] 3) an interlocutory order by permission [*see* Pa.R.A.P. 312, 1311]; or 4) a collateral order [*see* Pa.R.A.P. 313].

_____

[1] All the parties have now filed appellate briefs. Only Appellants' brief addresses the appealability of the trial court's orders.

*Id.*

As stated above, Appellants asserted that the trial court's orders are appealable as final orders.[2]  Pennsylvania Rule of Appellate Procedure 341(b) defines a final order as an order that: (1) "disposes of all claims and of all parties;" or (2) when the order disposes of one or more but fewer than all of the claims and parties, is entered as a final order by the trial court "upon an express determination that an immediate appeal would facilitate resolution of the entire case."  Pa.R.A.P. 341(b), (c).  Appellants' contention — that Hospital's contractual indemnity claims could proceed only if it were found liable to them — ignores that Hospital has argued that regardless of the outcome of its own motion for summary judgment against Appellants, it could seek, under its contractual indemnity cross-claims, costs, expenses, and attorneys' fees from Aramark and Allied.  Because it is clear these claims remain unresolved, we agree with the trial court that its orders are not final. *See* Pa.R.A.P. 341(b).

Hospital contends that the trial court's orders are appealable as collateral orders.  A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

---

[2] Neither Appellants nor Hospital claim the orders are appealable as interlocutory by right or interlocutory by permission.

Pa.R.A.P. 313(b). "[W]e construe the collateral order doctrine narrowly . . . to avoid 'piecemeal determinations and the consequent protraction of litigation.'" ***Rae v. Pa. Funeral Directors Ass'n***, 977 A.2d 1121, 1129 (Pa. 2009).

In seeking to appeal from the two partial summary judgment orders in favor of Aramark and Allied, Hospital presents no discussion as to why the orders are separable from and collateral to the main cause of action, why the right involved is too important to be denied review, nor why this Court should circumvent the general policy to avoid piecemeal litigation. ***See*** Pa.R.A.P. 313(b); ***Rae***, 977 A.2d at 1129. Instead, Hospital's stated reason for appealing is to preserve its cross-claims for contribution and common law indemnity "**in the event** that [this Court] reverses" the order. ***See*** Hospital's Resp. to Rule to Show Cause at 3 (emphasis added). This rationale is mistaken, as the proper inquiry under Rule 313(b) concerns immediate review of an existing trial court order, not any conjectural review of a potential appellate decision. Furthermore, if this Court were to reverse the order granting Hospital's summary judgment motion, Hospital would not be without recourse, as it could, provided it established the proper grounds, seek reconsideration with this Court or allowance of appeal with our Supreme

Court.[3]  **See** Pa.R.A.P. 1112, 2543.

For the foregoing reasons, we agree with the trial court that its three orders are not final nor appealable as collateral.  Accordingly, we quash Appellants' appeal at 2390 EDA 2017 and Hospital's appeals at 2544 EDA 2017 and 2549 EDA 2017.  We direct the Prothonotary to strike this case from the argument session scheduled for February 28, 2018.

Appeals quashed.  Case remanded.  Jurisdiction relinquished.

P.J.E. Stevens joins the memorandum.

Judge Dubow did not participate in the consideration or decision of this case.

_____

[3] Furthermore, even if we were to find that the orders were appealable, we would agree with the trial court that Hospital lacks standing to appeal because it was not aggrieved — a finding which Hospital does not dispute.  **See** Trial Ct. Op. at 7, **citing** Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom. *Note:* Whether . . . a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc."); **Green v. SEPTA**, 551 A.2d 578 (Pa. Super. 1988) ("The law is clear that only an aggrieved party can appeal from an order entered by a trial court.  . . .  To be 'aggrieved' a party must have been adversely affected by the decision from which the appeal is to be taken.").  The first two issues in Hospital's appellate brief address why this Court should affirm the order granting its motion for summary judgment, and the third issue is a claim that **if** that order is reversed by this Court, then the two partial summary judgment orders in favor of Aramark and Allied should also be reversed.  As discussed above, an appeal is not appropriate for a successful party who wishes to hedge against a possible reversal on appeal.  **See** Pa.R.A.P. 1112 (allowance of appeal), 2543 (reargument).

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/18