# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | No. 315 C.D. 2019 |
| | : | |
| Willowcrest Nursing Home and Albert Einstein Healthcare Network | : | |
| | : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : | |
| | : | |
| v. | : | |
| | : | |
| Mark Quinlan, Donna Brown, RNC, BSN, Albert Einstein Medical Center D/B/A Willowcrest, Willowcrest, and Jefferson Health System | : | |
| | : | |
| Appeal of: Rhonda Hill Wilson and the Law Office of Rhonda Hill Wilson, P.C. | : | |
| | : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : | No. 517 C.D. 2019 |
| | : | Argued: November 14, 2022 |
| | : | |
| v. | : | |
| | : | |
| Willowcrest Nursing Home and Albert Einstein Healthcare Network | : | |
| | : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : | |
| | : | |
| v. | : | |
| | : | |
| Mark Quinlan, Donna Brown, RNC, BSN, Albert Einstein Medical Center d/b/a Willowcrest, Willowcrest, and Jefferson Health System | : | |

Appeal of: Rhonda Hill Wilson, Esquire   :
and the Law Office of Rhonda Hill   :
Wilson, P.C.   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge (P.)
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED:  February 3, 2023


Appellants, Rhonda Hill Wilson, Esquire, and the Law Office of Rhonda Hill Wilson, P.C. (collectively, Counsel), appeal the December 13, 2018 orders of the Court of Common Pleas of Philadelphia County (the trial court) granting the Medical Care Availability and Reduction of Error Fund's (MCARE)[1] motion for setoff and dismissing as moot Counsel's motion to dismiss MCARE's motion for setoff.[2]  For the following reasons, we dismiss the appeal.

---

[1] The MCARE fund is "a statutory excess carrier that provides excess medical malpractice insurance coverage to the extent a health care provider's liability exceeds its basic coverage in effect at the time of an occurrence." *Fletcher v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 985 A.2d 678, 680 n.2 (Pa. 2009).

[2] The trial court issued two separate orders on December 13, 2018, one order granting MCARE's motion for setoff and the second order denying Counsel's motion to dismiss.  Counsel appealed both orders, which were assigned separate docket numbers.  On May 30, 2019, this Court granted Counsel's request to consolidate these matters. *See* Order, dated May 30, 2019.  Therefore, we address both orders in this opinion.

## BACKGROUND

Counsel represented Robert Dubose (Dubose),[3] executor of the estate of decedent Elise Dubose (Estate), who filed a Wrongful Death and Survival Action on behalf of the Estate against Willowcrest Nursing Home, Albert Einstein Healthcare Network, Mark Quinlan, Donna Brown, Albert Einstein Medical Center d/b/a Willowcrest, and Jefferson Health System (collectively, Willowcrest) (Wrongful Death Action).[4] The Wrongful Death Action proceeded to jury trial in March 2013. Reproduced Record (R.R.) at 122a. The jury returned a verdict for the Estate, awarding compensatory and punitive damages. R.R. at 122a, 198a.

On April 27, 2018, the trial court ordered all payments for damages to be forwarded to Counsel and ordered Counsel to distribute the proceeds (Distribution Order) in the manner outlined in the Distribution Order. R.R. at 148a. Relevant to this appeal, the trial court ordered the punitive damages award to be paid as follows: $460,775.97 to the Estate and $153,591.99 to MCARE as required under Section 715(d) of the MCARE Act.[5,6] R.R. at 150a.

---

[3] Dubose passed away in July 2019, while this appeal was pending.

[4] Neither Willowcrest nor the Estate participated in this appeal.

[5] Act of March 20, 2002, P.L. 154, *as amended*, 40 P.S. § 1303.715(d).

[6] Section 505 of the MCARE Act provides:

> Upon the entry of a verdict including an award of punitive damages, the punitive damages portion of the award shall be allocated as follows: (1) 75% shall be paid to the prevailing party; and (2) 25% shall be paid to the Medical Care Availability and Reduction of Error Fund.

40 P.S. § 1303.505(a).

2

On June 5, 2018, Counsel filed an affidavit of compliance (Affidavit) indicating she complied with the trial court's Distribution Order. R.R. at 151a. In her Affidavit, Counsel listed the payments made, but did not include the required payment to MCARE. *Id.*

MCARE, owing the Estate a payment of $570,361.00 from the jury's award, filed a motion for setoff requesting the trial court permit MCARE to setoff "the $153,591.99 properly owed to [MCARE] so that the [Estate] will receive $416,769.01 on or about December 31, 2018, in full and complete satisfaction of the amount owed by [MCARE]." R.R. at 157a. In response, Counsel filed a motion to dismiss MCARE's motion for setoff.[7]

The trial court held a hearing on October 30, 2018. R.R. at 264a-74a. Regarding party representation at the hearing, the trial court asked Counsel whether the Estate was represented and she responded, "not to my knowledge[,]" and explained the parties had "severed [their] relationship[.]" *Id.* at 267a. The trial court specifically asked Dubose, who appeared on behalf of the Estate, if he "had a lawyer representing the Estate[,]" to which Dubose indicated he did not. *Id.* at 270a. The Estate proceeded *pro se* during the hearing.[8] *Id.*

---

[7] It is evident Counsel filed this motion on her own behalf as she titled her motion "RHONDA HILL WILSON, ESQUIRE'S MOTION TO DISMISS MCARE'S MOTION FOR SET-OFF" and stated "I, Rhonda Hill Wilson, Esquire, Respondent to the Commonwealth of Pennsylvania Insurance Department, MCare Fund Motion for Set-off hereby submits this Motion to Dismiss as follows[.]" R.R. at 241a.

[8] Throughout the hearing, the parties referenced ongoing issues between Counsel and the Estate. At one point, the Estate accused Counsel of failing to properly disperse money owed to the Estate. R.R. at 269a-70a. Those matters are not before us, and we do not address those allegations.

At the hearing, MCARE addressed the merits of the issue asserting it was statutorily entitled to 25% of the punitive damages award, Counsel was obligated to make the payment to MCARE, and Counsel failed to do so. R.R. at 265a. Thus, MCARE sought a setoff in the interest of judicial economy. *Id*. Explaining MCARE still owed $570,361.00 to the Estate, MCARE asserted the "simplest solution [was] to set off the amount that we owe by what we are owed, which would have us paying $416,769.01." *Id*.

During the hearing, Counsel indicated the settlement check was made out to the Estate and Counsel. *Id*. at 268a. Counsel indicated her failure to pay MCARE was "unintentional[,]" and asserted "it was an error. It was inadvertent. [She] did not mean to do it." R.R. at 266a. She also asserted the $153,000.00 was owed "by the [Estate], not by [her] office" and it was the Estate's duty to pay MCARE. *Id*. at 267a-68a. During the hearing, Counsel made an oral motion to have the Estate disgorge the money, to which the trial court responded by indicating she needed to make that request in a formal motion. *Id*. at 268a.

On December 13, 2018, the trial court granted MCARE's motion for setoff. The trial court noted that because MCARE was not paid the punitive damages ordered by the trial court and MCARE still owes the Estate $570,361.00, the trial court approved MCARE setting off its payment by the punitive damages award. Additionally, the trial court issued a second order dismissing, as moot, Counsel's motion to dismiss. Counsel filed this appeal.[9]

---

[9] Counsel initially appealed to our Commonwealth's Superior Court. MCARE moved to transfer the case to this Court, which the Superior Court granted. *See* 42 Pa. C.S. § 5103(a) (if an appeal is filed in a court of the Commonwealth that lacks jurisdiction, the court should not quash the appeal "but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal . . . shall be treated as if originally filed in the transferee tribunal on the date when the appeal . . . was first filed" in the court without jurisdiction).
**(Footnote continued on next page…)**

4

On appeal, Counsel makes several arguments asserting the trial court's errors. However, we need not outline those issues because we do not reach the merits of those arguments, instead concluding that Counsel lacks standing to bring this appeal.

## Trial Court's Opinion

In its Opinion Sur Appeal (Opinion),[10] the trial court asserts this Court should quash or dismiss Counsel's appeal because it is an "improper attempt to pursue a claim by [Counsel] in her own name, when in fact, she has never become a party in interest, has interests adverse to her client, . . . and has breached her duty of loyalty to her client." Trial Ct. Op. at 10. The trial court notes Counsel is "pursuing her own interest in receiving her fees, while simultaneously suggesting outright to MCARE that they pursue an action against her client for the funds owed." *Id*. at 10-11. The trial court contends that because Counsel's actions are "in clear breach of her fiduciary duties to [the Estate], . . . this Appeal must be quashed." *Id*. at 11.

---

**(continued…)**

[10] An Opinion Sur Appeal may be filed by a judge pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(1), which states:

> (a) Opinion in support of order.
> (1) General rule. Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a)(1).

**DISCUSSION**

At the outset, we must determine whether Counsel's appeal is properly before this Court. We begin by considering the trial court's assertion in its Opinion that Counsel lacks standing to bring this appeal. Counsel argues that "any attorney/client relationship with [the Estate] ended with the positive disposition of the tort action and distribution of the jury verdict proceeds." Counsel's Br. at 19. In fact, Counsel "states emphatically that [Counsel] did not represent [the Estate] at relevant times hereto and therefore did not act outside of the requirements of the Pennsylvania Rules of Professional Conduct." *Id*.

The doctrine of standing is a judicially created principle designed to weed out litigants who have no direct interest in a judicial matter. *Office of the Governor v. Donahue*, 98 A.2d 1223, 1229 (Pa. 2014). The "core concept of the doctrine of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge . . . has no right to obtain a judicial resolution of his challenge." *In re T.J.*, 739 A.2d 478, 481 (Pa. 1999). In Pennsylvania, standing is not a jurisdictional issue because an issue related to standing is waivable. *In Re Est. of Brown*, 30 A.3d 1200, 1204 (Pa. Super. 2011).

According to our Pennsylvania Rules of Appellate Procedure, only an "aggrieved party" has the right to file an appeal. Pa. R.A.P. 501. A "party" includes a "person who commences or against whom relief is sought in a matter," and specifically includes "counsel for such person who is represented by counsel." 42 Pa. C.S. § 102. A party is "aggrieved" when he or she has a "substantial, direct, and immediate" interest in the subject matter of the appeal. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269 (Pa. 1975).

6

Next, we consider Pennsylvania case law addressing standing of attorneys to file appeals in their clients' cases. Our Superior Court addressed similar issues in *Green by Green v. SEPTA*, 551 A.2d 578 (Pa. Super. 1998), and *In re Estate of Geniviva*, 675 A.2d 306 (Pa. Super. 1996). While these decisions of the Superior Court "are not binding on this Court, [ ] they offer persuasive precedent [as] they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

In *Green by Green v. SEPTA*, 551 A.2d at 578, our Superior Court addressed an issue involving a minor plaintiff and her mother who were represented by an attorney in a personal injury action, which resulted in a settlement. The trial court ordered a reduction in the amount of attorney fees payable from the settlement proceeds and increased the amount distributable to the minor plaintiff. *Id*. The attorney represented the minor plaintiff and her mother on appeal and argued the trial court abused its discretion by reducing the amount of attorney fees. *Id*. The Superior Court held that because the mother and daughter were the prevailing parties, they were not "aggrieved" by the trial court's order that increased the amount distributable to the minor plaintiff. *Id*. Thus, because they were not aggrieved, they did not have standing to appeal. *Id*. Further, the Court pointed out the individual aggrieved by the trial court's order was the attorney whose fees were reduced by the trial court. *Id*. The Court indicated for the attorney to obtain review of the order, it was necessary for the attorney to file an appeal in his own name. *Id*. The Court noted it would "not permit counsel to use an appeal by his clients as a means for advancing his own interest at the expense of his client whose interests are not separately represented." *Id*. at 580.

In *In re Estate of Geniviva*, 675 A.2d at 306, the Superior Court considered whether an estate's former attorney had standing to appeal an order sanctioning the estate's executor for mismanagement. The Superior Court considered whether the attorney was an "aggrieved party" with the right to bring an appeal. *Id.* The Court concluded because the attorney was no longer representing the estate, the attorney was not a party to the action and, therefore, he lacked standing to bring an appeal. *Id.* Additionally, the Court noted even if the attorney was a party to the case, he was not an aggrieved party because the order did not direct him to take any action whatsoever with respect to the estate. *Id.*

We turn to the facts of the case before us. Counsel asserts she has the right to bring this action because she no longer represents the Estate, while the trial court asserts Counsel does not have the right to bring the action because she remains the attorney of record for the Estate. However, we need not resolve whether Counsel remains the Estate's attorney because regardless, Counsel lacks standing.

Counsel is not an aggrieved party to this case. The only way Counsel could be a party to this case is if she is the Estate's attorney. Taking her at her word that she is not the Estate's attorney, Counsel is not a party. Even if she remained the Estate's attorney, Counsel would still lack standing to represent her own interests. Her standing would be in her capacity as agent for the Estate's interests, not her own personal interests. If she represents the Estate, Counsel's only vehicle to appeal is on the Estate's behalf, but the Estate is not aggrieved. Therefore, whether Counsel is or is not the Estate's attorney is of no consequence. Either way, Counsel lacks standing.

While Counsel may be aggrieved, she is not an aggrieved party in this action. Rather, she has been aggrieved by her firm's own actions of providing a

8

distribution check to her client for an amount higher than she ought to have distributed. Any recourse would be between her firm and the Estate, separate and apart from this suit.

Because counsel lacks standing, we do not reach the remaining issues. Accordingly, Counsel's appeal is dismissed.

_____
STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision of this case.
Judge Dumas did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : <br> : <br> : | **CASES CONSOLIDATED** |
| v. | : | No.  315 C.D. 2019 |
| Willowcrest Nursing Home and Albert Einstein Healthcare Network | : <br> : <br> : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : <br> : <br> : | |
| v. | : <br> : <br> : | |
| Mark Quinlan, Donna Brown, RNC, BSN, Albert Einstein Medical Center D/B/A Willowcrest, Willowcrest, and Jefferson Health System | : <br> : <br> : <br> : <br> : | |
| Appeal of: Rhonda Hill Wilson and the Law Office of Rhonda Hill Wilson, P.C. | : <br> : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : <br> : | No.  517 C.D. 2019 |
| v. | : | |
| Willowcrest Nursing Home and Albert Einstein Healthcare Network | : <br> : <br> : | |
| Robert Dubose, Administrator of the Estate of Elise Dubose, Deceased | : <br> : <br> : | |
| v. | : | |
| Mark Quinlan, Donna Brown, RNC, BSN, Albert Einstein Medical Center d/b/a Willowcrest, Willowcrest, and Jefferson Health System | : <br> : <br> : <br> : <br> : | |
| Appeal of: Rhonda Hill Wilson, Esquire and the Law Office of Rhonda Hill Wilson, P.C. | : <br> : <br> : | |

# **O R D E R**

**AND NOW**, this 3rd day of February 2023, the appeal of Rhonda Hill Wilson, Esquire, and the Law Office of Rhonda Hill Wilson, P.C. is dismissed.

_____

STACY WALLACE, Judge